DANIEL H. DEYOE, Appellant, *v.* WILLIAM EWEN and Others, Respondents.

*Sheriff and deputy — agreement for division of fees.*

An agreement made between a sheriff and his deputy for a division between them of fees earned and received by the deputy not due or belonging to the sheriff as such (such as fees received by the deputy in criminal proceedings for services which are not performed necessarily by a sheriff or deputy sheriff as such, but which may be performed by any peace officer), is contrary to public policy, and a bond given to secure payment thereof by the deputy to the sheriff in accordance with the agreement, is void.

APPEAL by the plaintiff, Daniel H. Deyoe, from a judgment of the Supreme Court in favor of the defendants, upon the merits, entered in the office of the clerk of Saratoga county on the 27th day of March, 1893, upon a decision of the court granting a nonsuit, and dismissing the complaint, rendered after a trial by the court without a jury, at the Saratoga Circuit.

*Edgar T. Brackett*, for the appellant.

*T. F. Hamilton*, for the respondents.

HERRICK, J.:

The plaintiff in this action is the sheriff of Saratoga county; the defendant Ewen is the deputy sheriff appointed by him, and the other defendants are sureties upon Ewen's bond.

The bond given provides for a division of the fees received and earned by the defendant Ewen, both civil and criminal, one-third to the plaintiff and two-thirds to the defendant Ewen, except for *per diem* attendance upon court, and also his fee for summoning jurors, all of which is to be received by the plaintiff.

It appears that the defendant Ewen earned fees in criminal cases aggregating the sum of $777.78, which sum was paid to him before the commencement of this action. He failed to pay any portion of it to the plaintiff, who thereupon commenced an action against the defendant upon said bond for one-third of the fees received by said Ewen.

Upon the trial, a judgment of nonsuit against the plaintiff was rendered, from which judgment an appeal was taken to this court.

A determination of who the fees belong to, in the first instance, determines the validity of the bond, upon which the action is brought.

Where the sheriff is entitled to fees or emoluments, an agreement for a division of them is valid.

" The reason why the principal may take a stipulation for a part of his fees or profits is because the whole belongs to him." (*Mott* v. *Robbins et al.*, 1 Hill, 21 ; *Becker* v. *Ten Eyck*, 6 Paige, 68.)

But where the fees belong to the deputy, a division of them with his principal is regarded as a purchase of the office or appointment, and an agreement for such division is, therefore, invalid. (*Tappan* v. *Brown*, 9 Wend. 179 ; *Becker* v. *Ten Eyck*, 6 Paige, 68–73.)

The only finding by the court of fees earned and received by the defendant Ewen, but undivided with the plaintiff, is of fees in criminal proceedings, a very large proportion of which appears, from the evidence, to have been for the arrest of persons charged with crime.   .

Such services are not performed necessarily by the sheriff or deputy sheriff, as such ; they may be performed by any peace officer. Section 154 of the Code of Criminal Procedure defines a peace officer to be the sheriff, under sheriff or deputy, or a constable, marshal, police constable or policeman of a city, town or village.

· While it is true that in this particular case Ewen was a peace· officer because, and only because, he was a deputy sheriff, yet the fees received by him in the criminal proceedings were received by him in payment of duties discharged as a peace officer ; they were not sheriff's fees, as such, but could have been earned by a marshal, constable or a policeman ; therefore, in making the agreement for a division of them the plaintiff was not " only reserving a part of his own and giving away the rest to another," but was taking to himself what in the first instance was due to another.

The bond itself recognizes that Ewen might perform services and receive fees that could be performed and received by another person than a sheriff or deputy sheriff, and provides that anything that is done by Ewen that can be done by a deputy sheriff shall be done by him in that capacity, and that he should divide the fees therefor.

It appears to me, therefore, that this agreement provides for the division of fees and emoluments not due or belonging to the sheriff as such, and is, therefore, contrary to public policy, and that the bond and agreement therefor is void.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment affirmed, with costs.

