is brought. Where the sheriff is entitled to fees or emoluments, an agreement for a division of them is valid. The reason why the principal may take a stipulation for a part of his fees or profits is because the whole belongs to him. Mott v. Robbins, 1 Hill, 21; Becker v. Ten Eyck, 6 Paige, 68. But, where the fees belong to the deputy, a division of them with his principal is regarded as a purchase of the office or appointment, and an agreement for such division is therefore invalid. Tappan v. Brown, 9 Wend. 179; Becker v. Ten Eyck, 6 Paige, 68–73. The only finding of the court of fees earned and received by the defendant Ewen, but undivided with the plaintiff, is of fees in criminal proceedings, a very large proportion of which appears from the evidence to have been for the arrest of persons charged with crime. Such services are not performed necessarily by the sheriff or deputy sheriff, as such. They may be performed by any peace officer. Section 154 of the Code of Criminal Procedure defines a peace officer to be the sheriff, undersheriff, or deputy, or a constable, marshal, police constable, or policeman of a city, town, or village. While it is true that in this particular case Ewen was a peace officer, because and only because he was a deputy sheriff, yet the fees received by him in the criminal proceedings were received by him in payment of duties discharged as a peace officer. They were not sheriff's fees as such, but could have been earned by a marshal, constable, or a policeman. Therefore, in making the agreement for a division of them, the plaintiff was not "only reserving a part of his own, and giving away the rest to another," but was taking to himself what in the first instance was due to another. The bond itself recognizes that Ewen might perform services and receive fees that could be performed and received by another person than a sheriff or deputy sheriff, and provides that anything that is done by Ewen that can be done by a deputy sheriff shall be done by him in that capacity, and that he should divide the fees therefor. It appears to me, therefore, that this agreement provides for the division of fees and emoluments not due or belonging to the sheriff as such, and is therefore contrary to public policy, and that the bond and agreement therefor are void.

The judgment should be affirmed, with costs. All concur.

---

(70 Hun, 599.)
### DEYOE v. WOODWORTH et al.

(Supreme Court, General Term, Third Department. July 8, 1893.)

Appeal from circuit court, Saratoga county.

Action by Daniel H. Deyoe against Herbert J. Woodworth and others. From a judgment of nonsuit, plaintiff appeals. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Gayley, Baucus & Fleming, (Edgar T. Brackett, of counsel,) for appellant. T. F. Hamilton, for respondents.

HERRICK, J. This is a companion case to Deyoe v. Ewen, 24 N. Y. Supp. 372, (decided at this term of the court,) and the questions involved are the same. The judgment appealed from is affirmed, with costs. All concur.