DANIEL H. DEYOE, Appellant, *v.* HERBERT J. WOODWORTH et al., Respondents.

Under the Code of Criminal Procedure (§ 154) a deputy sheriff becomes, immediately upon his appointment, a peace officer of the county; his fees as such officer belong and are payable to him alone, and the sheriff has no right to or interest in the same.

An agreement, therefore, by an applicant for such an appointment to pay to the sheriff a portion of the fees received by him as peace officer, comes within the scope of the provisions of the Penal Code (§§ 52, 53), making it a misdemeanor for a person to give or offer a gratuity or reward in consideration of his appointment to public office, or to ask or receive any gratuity or reward, or any promise thereof, as a condition of appointment to a public office or a subordinate position therein, and any such promise is void.

Where, therefore, a deputy sheriff, upon his appointment, gave to the sheriff a bond with sureties, conditioned for the payment by him to the sheriff of one-third of all the fees received by him, both in civil and criminal cases, *held*, that an action was not maintainable on the bond to recover the proportion specified of fees received by the deputy as peace officer.

(Argued December 21, 1894; decided January 15, 1895.)

Appeal from order of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 8, 1893, which affirmed a judgment in favor of defendants entered upon an order dismissing the complaint on trial at Special Term.

This was an action upon a bond executed by the defendant Herbert J. Woodworth, on his appointment to the office of deputy sheriff, as principal, and by the other defendants as sureties, to plaintiff, who was the sheriff of Saratoga county.

The facts and provisions of said bond, so far as material, are stated in the opinion.

*Edgar T. Brackett* for appellant. The bond is a valid instrument in all its parts. The provision as to payment by the deputy of one-third of the criminal fees is valid, and, having proven its breach, the plaintiff was entitled to recover. (*Reilly* v. *Dodge*, 131 N. Y. 153; *Mott* v. *Robbins*, 1 Hill, 21; *Willet* v. *Kip*, 12 Hun, 474; Smith's Sheriffs, 22, 23, 25, 26; Crocker on Sheriffs, § 782; Code Civ. Pro. § 3312; *Becker* v. *Ten Eyck*, 6 Paige, 68.)

*T. F. Hamilton* for respondents. The trial court and General Term were clearly right in reaching the conclusion that that portion of the bond which related to the surrender of one-third of the fees earned by the defendant Woodworth in criminal cases, and that portion which related to his performance of criminal cases as deputy sheriff, and not as a constable, was void as against public policy. (Code Crim. Pro. §§ 151, 154; *Becker* v. *Ten Eyck*, 6 Paige, 68; *Farrar* v. *Barton*, 5 Mass. 395; *Mott* v. *Robbins*, 1 Hill, 21; *Schloss* v. *Herslett*,

81 Ala. 266; Penal Code, §§ 52, 53; *Bliss* v. *Lawrence*, 58 N. Y. 422; *Thurston* v. *Fairman*, 9 Hun, 584.)

FINCH, J. The Penal Code provides that a person who gives or offers to give any gratuity or reward in consideration of an appointment to a public office with right to the receipt of its emoluments shall be guilty of a misdemeanor, (§ 52); and that a person who asks or receives any gratuity or reward or any promise thereof as a condition of appointment to a public office or a subordinate position therein shall also be guilty of a misdemeanor. (§ 53.) The substance of these provisions came from the Revised Statutes and their prohibition has long been the law of the state. They proceed upon the ground that the public service will rapidly degenerate and become corrupt if appointments to office are dictated by money offered or paid instead of by that merit and capacity which should alone be regarded.

The question on this appeal is whether the contract sought to be enforced comes within the scope of those penal provisions, and is, therefore, void. The plaintiff was sheriff of his county and the defendant his deputy. The terms and conditions of the deputation are recited in the bond which the sheriff took and the deputy executed. By its terms the latter covenanted to keep an accurate account of all fees received by him, and to pay over quarterly to the sheriff one-third of all such fees, both civil and criminal, except for *per diem* attendance at court. The deputy collected and received a large amount of fees payable to him in criminal cases, and for services as a peace officer rendered in the pursuit and arrest of offenders, no part of which has been paid over to the sheriff, and the latter sues upon the bond to recover one-third of these fees. The courts below have held that the contract is void as against public policy, and have refused to enforce it.

The general question came up in the case of *Becker* v. *Ten Eyck*, (6 Pai. 68), in its application to an under-sheriff who kept the jail and claimed the resulting fees and perquisites, the sheriff replying that under an agreement with his deputy

the latter was to receive but one-half part thereof. The chancellor pronounced that agreement valid, and enforced it according to its terms, putting it, however, upon the distinct ground that the jail fees by law wholly belonged to the sheriff, and he could agree to allow some part of them to be received by his deputy. It was added, however, that the doctrine did not apply to cases in which the deputy is by law entitled to certain fees or perquisites in virtue of his character as deputy merely, and that in such cases an agreement by the deputy to pay over to the sheriff appointing him any portion of the fees or perquisites which legally belong to the deputy as such, is a purchase of the deputation and a direct violation of the statute. The court cited as an illustration of the latter class of cases the decision in *Tappan* v. *Brown*, (9 Wend. 175), where a deputy flour inspector, entitled under the statute to fees as such, and in his own right, agreed as the condition of his appointment to allow the inspector to receive a portion of such fees, and which was held to be in substance a purchase of the deputation. The distinction drawn is manifest. In the first case the fees in question belonged by law wholly to the sheriff ; the bills were made in his name and payable wholly to him ; all the risk and responsibility was his ; nothing was paid him, or agreed to be paid him, for the appointment, but, on the contrary, he employed an agent to do a specified part of his duties, and compensated him by paying a share of his own money due to himself as sheriff ; while in the second case the deputy inspector, entitled to fees as such by force of the statute, which lawfully were his, and in which his chief had no legal interest, promised, out of his own money, to pay a part thereof to his principal in consideration of an appointment.

The present case is of that character. The defendant when appointed deputy sheriff became at once by that appointment a peace officer of the county. (Code of Cr. Pro. § 154.) Warrants for criminal arrests could be issued directly to him. His fees as a peace officer by the law belonged to and were payable to him alone, and the sheriff could have no right to or interest in any such fees unless by force of the deputy's

consent and agreement. In dealing with them the latter would be dealing with his own money, and an agreement to share a portion of that with the sheriff would be in substance a promise to pay out of his own money a stipulated part as consideration for his appointment. In this case the bills of the deputy were made out in his own name against the towns for fees in criminal cases payable to him as a peace officer, which in no manner belonged to the sheriff by law, and upon which the latter had no legal claim. I think the agreement was void and that the sheriff cannot recover.

The evils of a contrary doctrine are quite apparent. The law gives to a peace officer fees which it deems adequate, and no more than adequate to secure proper performance of the public duty. The officer becomes a guardian of the public peace, upon whose activity and vigilance very much of the safety of the citizens and the good order of the community depend. If the sheriff may select him, not for his integrity and ability, but for his money, he is exposed to the temptation of choosing for a peace officer the man who will pay over the largest share of his fees, and who is likely to be the worst instead of the best of the applicants. And the latter, compelled in that manner to pay for his appointment, and to serve for inadequate compensation, will often either neglect his duties, or be tempted to make up for his loss by levying contributions upon dives and brothels, upon thieves and swindlers, as the price of protection. The rule of the statute is sound and right, and the courts should enforce it rigorously and without hesitation. In the present case there was no actual wrong intended, but the contract made ought not to be enforced.

The learned counsel for the sheriff seeks to meet the argument by asserting that all fees of the deputy, even in criminal cases, except the *per diem* allowance, belong to the sheriff. If that be so it can only be upon the ground that in all cases, criminal as well as civil, the deputy represents the sheriff and acts in his name, and can do no otherwise, and is merely the hand or arm of the sheriff, who by that instrumentality does

the act.   The liability of the sheriff would follow.   But there is no such liability for the acts of the deputy in his character as peace officer.   Those acts are his own.   The authority given him is not derived from the power in criminal cases conferred upon the sheriff, but is given directly to the deputy in his character of peace officer.   If in that character he makes a wrongful arrest he only is liable and the sheriff is not responsible, for the deputy is acting not as the representative of the sheriff or under his control, but as an independent peace officer whose authority comes from, and whose duty is due to, the public authority alone.   The bond in this case discloses a consciousness of that fact, for it contains a special and vicious covenant that all business coming to the hands of the deputy "which can be done in virtue of his office as deputy sheriff shall be done by him in that capacity and not in any other capacity."   The provision was an effort to bring the independent duty of a peace officer within the range of the representative duty of the deputy, and might become, if effective at all, very dangerous to the sheriff himself.   The services in controversy were not rendered as agent for or substitute of the sheriff and in performance of his duty, but as an independent peace officer, and the defendant was entitled as such in his own right to whatever fees were earned.

The judgment should be affirmed, with costs.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.