(28 App. Div. 478.)

### PEOPLE ex rel. WHITE v. CLINTON et al.

(Supreme Court, Appellate Division, Second Department. April 19, 1898.)

1. CERTIORARI—REVIEW.
    Where the return to a writ of certiorari practically admits all the allegations of the petition, the facts thus alleged, as well as those set out in the return, may be considered by the court.

2. DEPUTY SHERIFF—FEES—LIABILITY OF TOWN.
    Fees earned by a deputy sheriff as a peace officer in criminal proceedings or criminal actions tried before a magistrate of the town where the offense is alleged to have been committed constitute a town charge, which it is the duty of the local board of auditors to audit. "Town Law," § 165; Code Cr. Proc. § 154.

3. SAME—REVIEW ON CERTIORARI.
    While a determination of the board of auditors that such a claim is not a town charge is reviewable by certiorari, the court does not, in reversing it, pass upon the propriety or legality of the claim in respect to its particular items and amounts.

Certiorari by the people, on the relation of William H. White, against William H. Clinton and others, auditors of the town of Cortlandt, county of Westchester, to review a determination disallowing the claim of relator which was presented to the said board of audit,

on the ground that the items were not legal charges against such town. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Nathan P. Bushnell, for relator.

WILLARD BARTLETT, J. In disposing of this case the court may consider the facts which are stated in the petition, as well as those which are set out in the return, inasmuch as the return practically admits all the allegations of the petition. People v. Wurster, 149 N. Y. 549, 44 N. E. 298. The record, indeed, discloses a substantial agreement between the parties as to the facts, and leaves only a question of law for us to determine. That question is whether the fees of a deputy sheriff, acting as a peace officer in criminal actions tried before a magistrate of the town where the offense is alleged to have been committed, are a legal charge against such town. Fees of this character are clearly embraced within the language of section 165 of the town law, and must be regarded as a town charge, unless a peace officer is excepted from the operation of that section because he happens also to be a deputy sheriff. The relator is a deputy sheriff of the county of Westchester, and by virtue of his appointment as such is a peace officer, under the provisions of section 154 of the Code of Criminal Procedure, which declares that "a peace officer is a sheriff of a county, or his undersheriff or deputy, or a constable, marshal, police constable or policeman of a city, town or village." His claim against the town of Cortlandt is made up of fees for services rendered by him as a peace officer in criminal actions, or other criminal proceedings, begun or tried before a magistrate of the town, for offenses alleged to have been committed within the town. The refusal of the respondents to audit the claim was evidently based upon the proposition that, in performing these services, the relator acted simply as the representative of the sheriff, instead of in an independent capacity; and therefore that his fees, like those of the sheriff, his principal, should be deemed charges against the county, and not against the town. This view finds no support in authority, and is directly opposed to the opinion expressed by the court of appeals in Deyoe v. Woodworth, 144 N. Y. 448, 39 N. E. 375, where it is held that the fees of a deputy sheriff, as a peace officer, belong to him alone and are payable to him alone. In that case it was expressly stated that "the bills of the deputy were made out in his own name against the towns for fees in criminal cases payable to him as a peace officer, which in no manner belonged to the sheriff by law, and upon which the latter had no legal claim." The court also declared that the sheriff was in no wise liable for the acts of a deputy sheriff in his character as peace officer; for the authority of the latter does not proceed from the power bestowed by law upon the sheriff, but is directly conferred upon the deputy in his capacity as peace officer. To the same effect is the decision of the general term of the Third department in Deyoe v. Ewen, 70 Hun, 545, 24 N. Y. Supp. 372, in which the court pointed out that, although the defendant was a peace officer under section 154 of the Code of Criminal Procedure, because, and only because, he was a deputy sheriff,

yet the fees received by him in criminal proceedings were received by him in payment of his duties as a peace officer, and were not to be regarded as in any sense the fees of a sheriff. Under these authorities, it is quite clear that any fees earned by the relator as a peace officer in criminal proceedings or criminal actions, tried before a magistrate of the town of Cortlandt, where the offense was alleged to have been committed in that town, constituted a town charge, which it was the duty of the respondents to audit, and that their determination to the contrary was erroneous. That determination is reviewable by certiorari. People v. Barnes, 44 Hun, 574. In reversing it, however, we do not pass upon the propriety or legality of the relator's claim, so far as the particular items and amounts are concerned, but merely hold that the respondents erred in deciding that fees of the character under consideration were not a charge against the town.

Determination of respondents, that relator's fees as peace officer are not a charge against the town, reversed, with $10 costs and disbursements. All concur.