LEON LAWTON, Respondent, v. BERNARD J. FARRELL, Appellant.

Third Department May 2, 1917.

**Place of trial** — action for false imprisonment arising in county outside of city of second class, where arrest made by city police officer — Second Class Cities Law, section 242, construed — said section does not contemplate repeal of section 983 of Code of Civil Procedure — constitutional law — right of trial in own county.

Where a police officer of a city of the second class served a warrant in a bastardy proceeding in another county, and was sued in said county for false imprisonment, the place of trial is governed by subdivision 2 of section 983 of the Code of Civil Procedure, and is not changed by the provisions of section 242 of the Second Class Cities Law so as to entitle said police officer to change the place of trial to his own county. This

because (1) he was not acting as a policeman of the city in executing the warrant, and (2) the Second Class Cities Law did not contemplate a repeal of the provisions of the Code of Civil Procedure.

Section 1 of article 1 of the State Constitution would seem to guarantee the plaintiff in the action for false imprisonment the right of trial in his own county, which privilege belongs under the provisions of section 983 of the Code of Civil Procedure to citizens generally.

COCHRANE, J., and KELLOGG, P. J., dissented, in memorandum.

APPEAL by the defendant, Bernard J. Farrell, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Schoharie on the 31st day of October, 1916, denying his motion to change the place of trial herein from Schoharie county to Rensselaer county.

*Thomas H. Guy,* for the appellant.

*Wallace H. Sidney,* for the respondent.

WOODWARD, J.:

This is an action for false imprisonment, originating in the county of Schoharie, where the defendant served a warrant in a bastardy proceeding, and refused and neglected to permit the plaintiff an opportunity to give bail to a magistrate within Schoharie county, but insisted on taking the plaintiff to the city of Troy, where he was imprisoned until released by a writ of habeas corpus. This motion was made to change the place of trial on the ground that under the provisions of section 242 of the Second Class Cities Law (Consol. Laws, chap. 53; Laws of 1909, chap. 55) the defendant, who is a police officer of the city of Troy, is entitled to have the action tried in Rensselaer county. Section 242 provides generally that in judicial investigations the fact of residence within the city shall not disqualify judges, jurors, referees, etc., and then adds: " The place of trial of all actions and proceedings against the city, or any of its officers, boards or departments, shall be the county in which the city is situated;" and the defendant, who is concededly a police officer of the city of Troy, strenuously urges that he cannot be tried in Schoharie county.

But the defendant is mistaken in the law. Subdivision

2 of section 983 of the Code of Civil Procedure fixes the place of trial in a case of this character; no question is made of this, except as it is claimed to be changed by the provisions of section 242 of the Second Class Cities Law. There are two very conclusive reasons why the defendant is not entitled to the order which he seeks; one of them is that he was not acting as a policeman of the city of Troy in executing the warrant in Schoharie county. Section 142 of the Second Class Cities Law provides that the members of the police department, other than surgeons, in criminal matters have all the powers of peace officers under the general laws of the State, and provides certain other duties in respect to local ordinances; and this constitutes the duties which as policemen they are called upon to perform within the city. It then provides that they " shall also have, in every other part of the State, in criminal matters all the powers of constables and any warrant for search or arrest issued by any magistrate of the State may be executed by them in any part of the State according to the tenor thereof without indorsement." That is, outside the limits of the city they cease to be officers of the city, and are invested by the statute with the powers of constables in reference to criminal matters. Acting as a peace officer, outside the city, he is acting wholly in his personal capacity (*People ex rel. White* v. *Clinton,* 28 App. Div. 478, 479, and authorities there cited), and he does so under the same responsibilities as would attach to him were he a sheriff or a deputy sheriff or a constable.

The second reason is that the Second Class Cities Law did not contemplate a repeal of the provisions of the Code of Civil Procedure. Section 250 of the act provides for the construction of the same, and declares that the " provisions of this chapter have reference only to a city of the second class," and " shall be construed not as an act in derogation of the powers of the State but as one intended to aid the State in the execution of its duties, and shall be liberally construed so as to carry into effect the objects and purposes thereof," and then the following section provides that " Nothing contained in this chapter shall be construed to repeal any statute of the State or ordinance of the city or rule or regulation of the board of health, not inconsistent with the

provisions of this chapter, and the same shall remain in full force and effect, when not inconsistent with the provisions of this chapter, to be construed and operated in harmony with its provisions." Obviously, where a police officer goes outside of the city and executes a warrant, under the authority given by section 142 of the Second Class Cities Law, there is no inconsistency in permitting the Code of Civil Procedure to govern in an action for false imprisonment originating in an adjacent county. If the act of false imprisonment had originated in the city of Troy, while the officer was engaged in performing some of his duties as a policeman, it may be that there would be ground for holding that he was entitled to the provisions of section 242 of the act, but we are clearly of the opinion that his character as an officer of the city of Troy does not accompany him outside of that jurisdiction; to the laws of Schoharie county he is a mere peace officer, subject to the same conditions which would prevail if he had been a deputy sheriff of Rensselaer county instead of a member of the police force of the city of Troy. No good reason suggests itself why the plaintiff, a citizen of Schoharie county, where the false imprisonment had its inception, should be denied the right of trial in his own county simply because the warrant was given to a policeman of the city of Troy for execution, rather than to a deputy sheriff, and the provisions of section 1 of article 1 of the State Constitution would seem to guarantee him this privilege which belongs under the provisions of section 983 of the Code of Civil Procedure to citizens generally.

The order appealed from should be affirmed, with costs.

All concurred, except COCHRANE, J., who dissented in a memorandum in which KELLOGG, P. J., concurred.

COCHRANE, J. (dissenting):

The defendant was unquestionably an officer of the city of Troy. In executing the warrant against the plaintiff he was acting as such officer and by virtue of his office. Therefore, under section 242 of the Second Class Cities Law (Consol. Laws, chap. 53; Laws of 1909, chap. 55) the defendant has a right to have the action tried in Rensselaer county. I disagree with Mr. Justice WOODWARD as to the effect of section 142 of the Second Class Cities Law. That section

describes and defines the powers which police officers have not only in their own city but " in every other part of the State." The section enlarges rather than restricts their powers. A police officer may as in this case go outside of his city and pursue with a warrant an offending citizen and apprehend him anywhere within the State. And in doing so he does not cease to be a policeman. And because section 142 gives him the *powers* of a constable outside his own city that does not make him any the less an officer of the city he is serving. In the very nature of things his duty as such an officer of the city must take him to different parts of the State for the purpose of apprehending the perpetrators of crimes committed within his city but who have passed beyond the limits thereof. In this instance the defendant was executing a warrant issued by a magistrate of his own city charging the plaintiff with an offense pertaining to that city and it seems to me he was clearly acting as a policeman of that city. If he was not an officer of that city of what division of the State was he an officer? It is stated in the prevailing opinion that he ceased to be an officer of the city and was vested by the statute with the powers of a constable, but as a constable he must have been an officer of some political subdivision of the State.

It seems to me that section 242 of the Second Class Cities Law repeals section 983 of the Code of Civil Procedure so far as the latter statute is inconsistent with the former. It is the policy of the law that the place of trial of all actions against the officers of a city of the second class arising out of their official acts shall be tried in the county in which such city is situated, and if the defendant is included within that provision of the law he is entitled to avail himself thereof even though those who perform corresponding duties but who are not officers of a second class city are not included within any corresponding statutory provision. The wisdom or reasonableness of the statute is a question for the Legislature and not for the courts.

KELLOGG, P. J., concurred.

Order affirmed, with ten dollars costs and disbursements.