COLONIAL MOTOR COACH CORPORATION, Appellant, *v.* CITY OF ALBANY and Others, Respondents.

Fourth Department, March 12, 1930.

*A. Raymond Cornwall,* for the appellant.

*George A. Reilly, Corporation Counsel [Anthony DeStefano, Assistant Corporation Counsel,* of counsel], for the respondents.

Order affirmed, with ten dollars costs and disbursements, upon the opinion of CHENEY, J., delivered at Special Term.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

The following is the opinion delivered at Special Term:

CHENEY, J. Plaintiff brings this action for an injunction restraining the city of Albany and its officers, servants and employees, from prohibiting the operation of motor buses, vehicles and coaches owned by the plaintiff in the city of Albany, and restraining the common council and the individual aldermen, constituting the common council, from passing an ordinance or resolution seeking to revoke a certain consent granted by the local authorities of the city of Albany to one Bert Grantier, and by said Grantier assigned to plaintiff and now owned by it, and restraining and enjoining the defendant John Boyd Thacher, as mayor, from approving any such ordinance or resolution, if passed, and generally restraining and enjoining the defendants from in any manner interfering with the business of plaintiff in the operation by it as a common carrier of its motor vehicle lines or routes in the city of Albany or elsewhere.

The venue of the action is laid in the county of Jefferson and the defendants have moved for a change of venue to the county of Albany as the proper county. Defendants base their claim to relief upon section 242 of the Second Class Cities Law, which reads: " The place of trial of all actions and proceedings against the city, or any of its officers, boards or departments shall be the county. in which the city is situated." As this action is against the municipality of Albany, and its common council and mayor, it would seem that this statute applies, for it has been held it is " clearly within the legislative power to say that an action against a municipality or any of its officers shall be tried in a court held

in the county where the municipality is located." (*People* v. *City of Syracuse*, 128 App. Div. 702.)

The plaintiff seeks to evade the effect of this statute by citing the case of *Lawton* v. *Farrell* (178 App. Div. 376; affd., without opinion, 221 N. Y. 654), where the venue of an action against a policeman of the city of Troy for a false arrest was continued in the county of Schoharie, where the arrest took place. That decision was based upon two grounds, one of which was that the act forming the basis of the action was not one done in the performance of his duty as a city officer; the other was that section 242 of the Second Class Cities Law did not contemplate the repeal of the Code of Civil Procedure (§ 983, subd. 2), which expressly fixed the place of trial of actions of the character there involved. It is evident that the concurrence of two justices who voted with the justice writing the opinion at the Appellate Division, and of the Court of Appeals in affirming it, must have been placed on the first of the grounds stated in the opinion, for it is obvious that the statute was not intended to apply to any action which did not involve the acts of the public officer as such. To follow out the language of the opinion as to the second ground to its logical conclusion would absolutely nullify the quoted portion of the Second Class Cities Law, for the place of trial of every action was absolutely fixed then by the Code of Civil Procedure (now Civ. Prac. Act, art. 23) and unless section 242 of the Second Class Cities Law was intended to supersede the other law it could have no effect at all. But the plaintiff here is not claiming that the place of trial is fixed by subdivision 2 of section 184 of the Civil Practice Act, which is the successor statute to subdivision 2 of section 983 of the Code of Civil Procedure, which the court held applicable, but claims that it is regulated by section 182 of the Civil Practice Act because the plaintiff is a resident of Jefferson county. Counsel attempts to exclude subdivision 2 of section 184 of the Civil Practice Act from consideration by citing the case of *Brooklyn Borough Gas Co.* v. *Public Service Comm.* (175 App. Div. 684; affd., without opinion, 220 N. Y. 576), where it was held that the district attorney of Kings county was not entitled as a matter of right to have the trial of an action against him to restrain certain acts on his part as such public officer tried in his own county. The difficulty with that decision as an authority is that the district attorney of Kings county was only one of several public officer defendants, some of whom had the same right to have the case tried in New York county, where the venue was laid, and were content to have it remain there, and the decision was placed on such ground.

If subdivision 2 of section 184 of the Civil Practice Act applies,

as plaintiff would have us imply from the reasoning in *Lawton* v. *Farrell,* then the county of Albany is the proper county, for that section states that " causes must be tried in the county where the cause of action or some part thereof arose: * * * 2. Against a public officer or a person specially appointed to execute his duties for an act done by virtue of his office or for an omission to perform a duty incident to his office." The acts sought to be restrained by this action are acts about to be performed or threatened by the defendants who are public officers of the city of Albany, in the county of Albany, in the performance of their duties as such public officers.

But it is possible to put section 242 of the Second Class Cities Law into effect without coming in conflict with or repealing by implication the Civil Practice Act. All that section 182 thereof (as amd. by Laws of 1925, chap. 493) enacts is that all actions not otherwise regulated by other sections " must be tried in the county in which *one of the parties* resided at the commencement thereof." The city of Albany, one of the parties, had its situs in the county of Albany, and the other individual defendants, officers of the city, resided there. Section 242 of the Second Class Cities Law says that an action against them must be tried in the county of Albany, and this is not contrary to section 182 of the Civil Practice Act.

It is evident that Albany county is the proper county and the motion to change the venue to that county is granted.