THE PEOPLE OF THE STATE OF NEW YORK ex rel. IROQUOIS GAS CORPORATION, Appellant, *v.* PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent.

(Argued January 9, 1934; decided February 27, 1934.)

*Daniel J. Kenefick* for appellant. The Commission was without jurisdiction to affix to its order granting consent to the transfer of the gas plant a condition requiring the petitioner to charge a part of the purchase price to surplus. (*People ex rel. N. Y. R. Co.* v. *Pub. Serv. Comm.*, 223 N. Y. 373; *Matter of Quinby* v. *Pub. Serv. Comm.*, 223 N. Y. 244; *People ex rel. D. & H. Co.* v. *Stevens*, 197 N. Y. 1; *People ex rel. B. L., H. & P. Co.* v. *Stevens*, 203 N. Y. 7; *Electric Public Utilities* v. *West*, 140 Atl. Rep. 840; *Passaic Water Co.* v. *Board*, 139 Atl. Rep. 324.)

*Charles G. Blakeslee, John T. Ryan* and *John J. Donohue* for respondents. The Public Service Commission has power to impose reasonable conditions to its approval and consent to the transfer by a gas corporation of its franchises, works or system to any other person or corporation. (Cons. Laws, ch. 48, § 70; *People ex rel. West Side St. R. R. Co.* v. *Barnard*, 110 N. Y. 548; *Matter of International Ry. Co.* v. *Pub. Serv. Comm.*, 226 N. Y. 474; *Matter of Quinby* v. *Pub. Serv. Comm.*, 223 N. Y. 244; *Kittinger* v. *Buffalo Traction Co.*, 160 N. Y. 377; *Public Service Comm.* v. *Westchester St. R. R. Co.*, 206 N. Y. 209; *People ex rel. Kings County Lighting Co.* v. *Straus*, 178 App. Div. 840; *United States* v. *Chicago, N. S. & M. R. R. Co.*, 288 U. S. 1; *New York, N. H. & H. R. R. Co.* v. *Interstate Commerce Comm.*, 200 U. S. 361; *Logan* v. *Davis*, 233 U. S. 613; *Brewster* v. *Gage*, 280 U. S. 327; *Atlantic Coast Line R. R. Co.* v. *United States*, 284 U. S. 288.)

LEHMAN, J. The relator Iroquois Gas Corporation agreed to purchase from John C. McMahon a plant for the production of natural gas. The agreed purchase price was $130,000, and the agreement was made subject to the approval of the Public Service Commission. The Public Service Commission, after a hearing, found that the purchase price was greater than the " depreciated book value of the property and at least $30,000 more than

the reproduction cost new, less depreciation." Neverthe-
less it determined that "the public interest will be served
by approval of the transfer, providing that an amount
of $40,000 of the purchase price is charged to surplus by
the purchaser." Accordingly, an order was made by the
Commission consenting to the proposed purchase, but
subject to the condition "That of the purchase price of
$130,000, the amount of $40,000 shall be charged on the
books and records of the Iroquois Gas Corporation to
surplus." The relator objects to the condition, but the
determination of the Commission has been affirmed by
the Appellate Division.

The Public Service Law (Cons. Laws, ch. 48) prohibits
the transfer of the franchise, works or system or any part
thereof of a gas or electric corporation "without the
written consent of the commission." (§ 70.) No power
to annex conditions to a consent is conferred in express
terms. Since the power to grant consent includes the
power to withhold consent, it is plain that the Com-
mission may, at least, make its consent conditional upon
change in the terms of the contract of purchase. That in
effect would be a denial of consent to the transfer as
proposed, coupled with unconditional approval of a
different transfer. So too, the Public Service Com-
mission might, perhaps, have power to couple its consent
with any direction which it would have independent power
to make. Here the condition imposed is different. It
does not change the terms of the transfer nor the manner
in which the property will be operated after transfer; it
requires the purchaser to make an entry upon its books
which the Commission would have no power to direct
unless it has plenary power to annex any conditions it
may see fit to its consent. The question before us is
whether the Commission has such plenary power.

We are not dealing with a consent of a local authority
to the construction and operation of a street railway or
other utility upon a street or highway within the control

of such local authority. The franchise to operate a street railway can be granted only by the State and the Constitution of the State specifically directs that " no law shall authorize the construction or operation of a street railroad except upon the condition that the consent of the owners of one-half in value of the property bounded on, and the consent also of the local authorities having control of, that portion of a street or highway upon which it is proposed to construct or operate such railroad." (Art. III, § 18.) Thus the consent is in effect a grant of a franchise which might be given or denied at the pleasure of the local authority. Consent when given is a voluntary derogation of its control of the streets and highways. It may be absolute or conditional. (*Matter of Quinby* v. *Public Service Comm.*, 223 N. Y. 244; *Matter of International Ry. Co.* v. *Public Service Comm.*, 226 N. Y. 474.)

The Public Service Commission by its consent to a transfer confers no franchise or authority to operate a public utility. That is derived from the State and the contract of purchase. The functions of the Commission, in this respect, are purely regulatory. Its orders are subject to review by the courts. It may withhold its consent to a transfer of a franchise granted by the State, unless such transfer is shown to be in the public interest. It may insist upon the insertion in the contract of transfer of terms and conditions which will reasonably protect the public interest, before it grants consent. It may exercise powers of regulation or direction elsewhere given in order to assure proper operation of the franchise after the transfer is approved. The most that can be urged is that it may impose conditions which will insure efficient operation in the public interest in those matters which fall within the general field of its powers. It cannot make its consent dependent upon conditions which are unreasonable or which do not change the terms of the transfer of the franchise, works or systems, or which encroach upon

the right of the relator to administer its corporate affairs according to its own judgment in matters in which the Legislature has not given the Public Service Commission any regulatory or supervisory powers. (Cf. *People ex rel. D. & H. Co.* v. *Stevens,* 197 N. Y. 1; *People ex rel. Binghamton L., H. & P. Co.* v. *Stevens,* 203 N. Y. 7.)

We are told that, without this condition, the Commission would have refused to find that the transfer would be in the public interest, because a purchase at excessive cost might hereafter hamper the exercise of power of the Commission to insist upon reasonable rates. We do not doubt that the Commission might have refused to consent to a transfer at excessive cost unless and until the cost was reduced, if in its opinion the transfer at excessive cost would not be in the public interest. It has not done so. The cost remains the same, but the Commission requires the purchaser to write off part of that price on its books so that the book value would be less than the price paid. If the purchase price is an element of value upon which the relator is entitled under the Constitution to a reasonable return, it is difficult to understand how an enforced entry upon the books would work any change. The power vested in the Commission to prescribe uniform methods of keeping accounts and records (Pub. Serv. Law, § 66, subd. 4) does not include the power to compel a corporation to write off from its book value a loss which it has not sustained, or to give up a part of its constitutional rights. If, as has been said, " the actual cost of the property — the investment the owners have made — is a relevant fact " (*Los Angeles Gas & Elec. Corp.* v. *Railroad Comm.,* 289 U. S. 287, 306), a corporation cannot be compelled to make entries upon its books calculated to conceal such relevant fact. It follows that the Commission had no power to impose such condition. We are not now called upon to determine whether the Commission would have power to annex to its consent a condition affecting the manner of operation of the trans-

ferred property. No such condition is here. (Cf. *Atlantic Coast Line R. R. Co.* v. *United States,* 284 U. S. 288.)

The question remains whether the order should be reversed or should be modified by striking out the condition. If it appeared that even without such condition the Commission would not, in the exercise of its discretion, have refused consent, then modification would cure the defect. That is not the case here. It has balanced benefit to some consumers, through incorporation of a small plant in a larger system, against possible injury to consumers at large by reason of the effect of the purchase upon its power to regulate rate. It has sought to diminish this effect by imposing a condition which is beyond its power. It must now weigh possible benefit against possible injury if unconditional consent be given. If the Commission should refuse its unconditional consent, its order would be again subject to review. On this appeal we review only the validity of the order granting conditional consent. Whether the evidence conclusively shows that the cost is not excessive and that the transfer will be in the public interest is a question which can arise only after a contrary determination by the Commission.

The order should be reversed and the proceeding remitted to the Public Service Commission, without costs.

POUND, Ch. J., CRANE, HUBBS and CROUCH, JJ., concur; O'BRIEN, J., concurs in result; KELLOGG, J., not voting.

Order reversed, etc.