In the Matter of NEW YORK WATER SERVICE CORPORATION and Others, Petitioners, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, State Division, Respondents. In the Matter of the Application of the CONSOLIDATED WATER COMPANY OF UTICA, Petitioner, for a Certiorari Order against MILO R. MALTBIE and Others, as Commissioners, and Constituting the Public Service Commission (State Division Department of Public Service) of the State of New York, Respondents. JAMAICA WATER SUPPLY COMPANY, Petitioner, v. MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, State Division, Respondents. In the Matter of the Application of LONG ISLAND WATER CORPORATION and SPRING BROOK WATER COMPANY, Petitioners, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, State Division, Respondents. THE NEW ROCHELLE WATER COMPANY and Another, Petitioners, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, Defendants. SPRING VALLEY WATER WORKS AND SUPPLY COMPANY, Petitioner, v. MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, and the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Defendants. THE NEW YORK EDISON COMPANY and Others, Petitioners, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, and the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Defendants. In the Matter of the Application of ANTWERP LIGHT AND POWER COMPANY and Others for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, and the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondents. LONG ISLAND LIGHTING COMPANY and Others, Petitioners, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, and the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Defendants. In the Matter of the Application of NEW YORK STATE ELECTRIC AND GAS CORPORATION and Others, Petitioners, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, State Division, Respondents. In the Matter of the Application of ROCKLAND LIGHT AND POWER COMPANY, Petitioner, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, State Division, Respondents. In the Matter of the Application of ROCHESTER GAS AND ELECTRIC CORPORATION, Petitioner, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, State Division, Respondents. THE ASTORIA LIGHT, HEAT AND POWER COMPANY and Others, Petitioners, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, and the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Defendants. BROOKLYN BOROUGH GAS COMPANY, Petitioner, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, and the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Defendants. In the Matter of the Application of THE BROOKLYN UNION GAS COMPANY, Petitioner, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission,

Head of the State Division of the Department of Public Service of the State of New York, and the Public Service Commission of the State of New York, Respondents. Long Island Lighting Company and Others, Petitioners, for a Certiorari Order against Milo R. Maltbie and Others, Constituting the Public Service Commission of the State of New York, and the Public Service Commission of the State of New York, Defendants. Binghamton Gas Works and The Keystone Gas Company, Inc., Petitioners, for a Certiorari Order against Milo R. Maltbie and Others, Constituting the Public Service Commission of the State of New York, and the Public Service Commission of the State of New York, Defendants. In the Matter of the Application of Rochester Gas and Electric Corporation, Petitioner, for a Certiorari Order against Milo R. Maltbie and Others, Constituting the Public Service Commission of the State of New York, State Division, Respondents. In the Matter of the Application of Malone Light and Power Company and Others, Petitioners, for a Certiorari Order against Milo R. Maltbie and Others, Constituting the Public Service Commission of the State of New York, and the Public Service Commission of the State of New York, Respondents. In the Matter of the Application of New York State Electric and Gas Corporation and Others, Petitioners, for a Certiorari Order against Milo R. Maltbie and Others, Constituting the Public Service Commission of the State of New York, State Division, Respondents. New York and Richmond Gas Company, Petitioner, for a Certiorari Order against Milo R. Maltbie and Others, Constituting the Public Service Commission of the State of New York, and the Public Service Commission of the State of New York, Defendants. In the Matter of the Application of Rockland Light and Power Company, Petitioner, for a Certiorari Order against Milo R. Maltbie and Others, Constituting the Public Service Commission of the State of New York, State Division, Respondents. New York Steam Corporation, Petitioner, for a Certiorari Order against Milo R. Maltbie and Others, Constituting the Public Service Commission of the State of New York, and the Public Service Commission of the State of New York, Defendants.— Motions denied. If upon examination of the entire record the orders of the Public Service Commission appear to affect only departmental procedure and not substantive rights of the utility companies, to be legislative and not quasi-judicial, a dismissal may then be had. Hill, P. J., Bliss and Heffernan, JJ., concur; Rhodes, J., dissents, with a memorandum in which Crapser, J., concurs. Rhodes, J. (dissenting). It seems to me that the orders of the Commission in question here, prescribing a uniform system of accounts, constitute in effect only the promulgation of rules, and hence are wholly legislative in character, and not now reviewable by court. (See *People ex rel. Stillwell* v. *Gunner*, 124 App. Div. 153.) Assuming the truth of all the facts set forth in the petitions for certiorari, we still have only an anticipated hypothetical future condition. We are not presented with facts as to actual, specific transactions of any utility company; thus the matters here are differentiated from the cases of *People ex rel. Iroquois Gas Corp.* v. *Public Service Commission* (264 N. Y. 17) and *New York State Electric & Gas Corporation* v. *Maltbie* (241 App. Div. 780). In those cases the Commission after hearings as to actual specific transactions of the utility then concerned, made orders, upon existing facts relative to such transactions, and such orders were reviewable in proper proceedings brought in court. A vacation now by this court of the certiorari orders under attack will not deprive

the petitioners of the right to a judicial review hereafter in a proper proceeding. If and when the Commission's said orders are sought to be enforced as to actual items and transactions of any utility, by orders made after hearing as to such existing facts, actualities and transactions, undoubtedly such determinations may be reviewed in court. No one would think of attacking judicially a statute of the Legislature, until its enforcement be attempted, and similarly, no one may be permitted to review these rules of the Commission, until they are sought to be enforced. Whether or not it may be said that the Commission held hearings relative to the rules before they were promulgated, is not material. The quality of its action could not thus be changed from legislative to judicial or quasi-judicial. I, therefore, dissent and vote to grant the applications and vacate the certiorari orders, upon the ground that the acts of the Commission in promulgating the rules in question are not now reviewable here. Crapser, J., concurs.