Henry A. Hudson, J.
The plaintiff instituted this action to obtain specific performance of a bill of sale given to it April 22, 1954 by the defendant under which the defendant conveyed to the plaintiff all of his right, title and interest in and to a certificate of public convenience and necessity issued by the Interstate Commerce Commission, Docket No. MC-66834, for the sum of $2,750 upon the receipt by the seller of a final order of the Interstate Commerce Commission approving the sale and transfer of the certificate.
The plaintiff in accordance with the terms of the contract deposited $1,000 in escrow and subsequently tendered the remainder of the purchase price in escrow. A joint application was made by the plaintiff and defendant to the Interstate Commerce Commission for an order authorizing and approving the sale and transfer of said certificate. A hearing was held upon said application on January 31, 1955 at Syracuse, New York before Robert H. Murphy, examiner of the Interstate Commerce Commission. Subsequently a report was made to the commission recommending the approval of the transfer subject to a condition that the defendant would not register certain rights held by him granted by the Public Service Commission of the State of New York with the Interstate Commerce Commission as provided for under section 206 of part II of the Interstate Commerce Act (U. S. Code, tit. 49, § 306) which would authorize the defendant to engage in interstate commerce in connection with his intrastate operation in the State of New York. Such report contains the finding: “ Vendor has expressed a willingness to imposition of a condition to the consummation of the transaction precluding him from instituting operations in interstate or foreign commerce under the proviso by virtue of his retained intrastate certificate. The proposed findings will be appropriately conditioned. ’ ’
On November 10, 1955 an order of the Interstate Commerce Commission was entered which incorporated the report of Robert H. Murphy, examiner, and approved the transfer of the rights covered under such bill of sale from the defendant to the plaintiff upon the condition that the defendant would not engage *635 in interstate commerce by registering his intrastate Public Service Commission rights for that purpose. The defendant thereafter refused to convey the certificate of necessity and convenience covered under such bill of sale to the plaintiff and the plaintiff instituted this action. The action was tried before the court without a jury. Included in the exhibits which were received was the joint petition of the plaintiff and defendant for the transfer of the certificate, Docket Number MC-66834, as described in the bill of sale and the testimony taken before the examiner, Robert H. Murphy, January 31,1955 in support of the joint petition for Interstate Commerce Commission approval.
It is the contention of the plaintiff that it has no adequate remedy at law; that it is entitled to a judgment directing specific performance of the bill of sale including the execution of any and all documents necessary therefor. It is the contention of the defendant, inasmuch as there was no provision in the bill of sale or agreement of the parties that the defendant would not file his intrastate certificate issued by the Public Service Commission with the Interstate Commerce Commission to obtain authority to engage in interstate commerce in connection with his intrastate operation, that any condition imposed by the Interstate Commerce Commission for its approval of the transfer of his interstate certificate would not constitute the approval specified in the bill of sale. The defendant further contends that such an approval was a conditional approval and, therefore, the condition imposed in the bill of sale for the transfer of the interstate commerce certificate has not been fulfilled and that the defendant is not obligated to carry out the terms of the bill of sale. The defendant has submitted numerous authorities in support of its contention. Most important among them, in my opinion, is Miller v. Lang (257 S .W. 2d 818 [Tex.]) and People ex rel. Iroquois Gas Corp. v. Public Service Comm. (264 N. Y. 17).
In Miller v. Lang, the facts and circumstances were similar to those in the case here under consideration. In that case, however, the right of the seller to operate in interstate commerce under a similar certificate issued by the Public Service Commission of Texas was specifically reserved by him in writing in which the purchaser acquiesced. In the Iroquois Gas Corp. case, the condition imposed was not within the contemplation of the parties. I am of the opinion that if the facts of the present case established that the condition imposed by the Interstate Commerce Commission was not within the contemplation of the parties that these cases would apply and the plaintiff would not be entitled to the relief it seeks. However, *636 the testimony taken at the Interstate Commerce Commission hearing January 31,1955 which was received in evidence, clearly establishes to my satisfaction that the question of the intention or desire of the seller to file his certificate issued by the Public Service Commission with the Interstate Commerce Commission so as to permit him to engage in interstate commerce in connection with his intrastate operation was one of the major issues involved in the hearing; that there were certain carrier objectors who participated in the hearing whose objections were based in part upon the fact that the defendant’s operations under his intrastate certificate covered almost identical routes and that if he were permitted to engage in interstate operations by filing his intrastate rights, he would be engaging in almost an identical operation to that which he proposed to transfer. In other words there would be two shippers operating over the same territory in competition with them' instead of one, each with the same operating rights. Upon the Interstate Commerce Commission hearing the defendant acknowledged among other things that he had not given any consideration to the filing of his public service certificate with the Interstate Commerce Commission at the time of the negotiations leading up to the signing of the bill of sale; that his interstate operation had been carried on at a loss; that his interest in disposing of his Interstate Commerce Commission certificate was to obtain working capital; that he would continue to operate substantially the same equipment with the same employees in the event the transfer were approved; that he did not know whether he would file his public service certificate with the Interstate Commerce Commission in the event the application was approved but in the event that he were not permitted to do so or would not have the right to do so, he would not seek to register it. The most significant statement appears at page 26 of the testimony in which in answer to a question by the attorney for several interveners in opposition, he stated:
“ Q. Would you agree to a restriction by this commission to allow this transaction to go into effect only if you agree not to register your P. S. C. authority?
“A. Yes.” In answer to the question of the examiner, page 64:
11 Q. In other words by your statements, I should gather the inference that you do not desire to further conduct any operations in interstate or foreign commerce, is that correct?
“ A. I would say yes. As far as I know right now, yes.” I am satisfied from this testimony that the defendant had not considered operating in interstate commerce by registering his *637 Public Service Commission rights either in the negotiations leading up to the execution of the bill of sale or subsequently at the time of the Interstate Commerce Commission hearing, January 31,1955 • that at the time of the hearing he was willing to forego his right to file his public service certificate with the Interstate Commerce Commission in order to obtain the approval of the commission to the transfer of his interstate commerce certificate, Docket No. MC-66834 and that he consented at the hearing to the inclusion of the condition which was subsequently approved by the examiner and incorporated in the order of the Interstate Commerce Commission dated November 10,1955. Inasmuch as he was one of the petitioners making the application to the Interstate Commerce Commission, he cannot now be heard to say that a condition agreed upon and consented to by him and in which he was a petitioner, interposed a change in the terms of the proposed sale so that he could rely upon the condition to rescind the bill of sale. The principles of estoppel and waiver are, in my opinion, a bar to such contention.
The defendant urges that inasmuch as this is an action for specific performance, it is an equity action addressed to the discretion of the court and that equitable principles must apply so that an unfair and unreasonable agreement should not be enforced in equity against him. The difficulty with this contention is that the defendant is seeking the protection of equity under circumstances which do not constitute “the coming into equity with clean hands.”
Finally, the defendant urges that the court refused to admit certain evidence at the time of the trial and refused the defendant’s offer of proof thereof and that the court should, therefore, reopen the case and accept further evidence. The proof which was offered related to the state of defendant’s mind, namely, his intention in respect to the filing of his public service certificate with the Interstate Commerce Commission so as to be able to continue to engage in interstate operations after the sale of his certificate, No. MC-66834. The testimony so offered related to a period of time prior to the hearing, January 31, 1955, and the filing of the petition by the plaintiff and defendant for approval of the transfer by the Interstate Commerce Commission as required under the bill of sale which is the subject of this action. I have not changed my opinion as to the admissibility of this evidence. The offer in view of the very direct and specific testimony of the defendant at the Interstate Commerce Commission hearing, January 31, 1955, is surprising inasmuch as the defendant’s testimony indicates to me the exact contrary to that which it was indicated he would offer at the time of the trial.
*638 The plaintiff may have a judgment directing the defendant to specifically perform the terms and provisions of the bill of sale including the execution of such documents as are necessary to effectuate the same. The requested relief in the complaint of a confirmation in writing of defendant’s further compliance with certain provisions of the Interstate Commerce Act is denied, the same not appearing to the court to be either pertinent or necessary.
Findings and conclusions in accordance with this opinion may be submitted and judgment entered in accordance herewith.