In the Matter of PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Appellant, v ROCHESTER TELEPHONE CORPORATION et al., Respondents.

Third Department, June 18, 1981

### APPEARANCES OF COUNSEL

*Peter H. Schiff (Nancy A. Spiegel* of counsel), for appellant.

*Nixon, Hargrave, Devans & Doyle (Michael T. Tomaino, Roger H. Kessel* and *Robert B. Stiles* of counsel), for respondents.

### OPINION OF THE COURT

HERLIHY, J.

Respondent Rochester Telephone Corporation is a telephone corporation as defined by subdivision 17 of section 2 of the Public Service Law and as such is subject to regulation by petitioner Public Service Commission (PSC). Re-

spondent also has two wholly owned regulated subsidiaries, Sylvan Lake Telephone Company and Highland Telephone Company, as well as a minority interest in Ausable Valley Telephone Company. The acquisition of the wholly owned subsidiaries and the minority interest in Ausable were approved by the PSC, pursuant to section 107 of the Public Service Law.

Respondent received permission on January 24, 1979 from petitioner to use $2,200,000 of its revenue "received from the rendition of utility service" to establish a non-regulated, nonutility corporation called Rotelcom, Inc., which was to be involved, *inter alia*, in the sale of communications equipment. The order of January 24, 1979 is undisputed as essential to the investment of $2,200,000 and that order expressly provided, in part, as follows: "That the authority granted by this order. is upon the express condition that prior to any further investing in Rotelcom, Inc., in excess of $2,200,000, Commission approval will first be sought and received."

Petitioner instituted a proceeding pursuant to section 26 of the Public Service Law to enjoin respondent from making any further investments in Rotelcom without prior PSC approval pursuant to section 107 of the Public Service Law and the provision of the order of January 24, 1979. Petitioner also sought an order directing Rotelcom to return to respondent all the dividend income from its wholly owned utility subsidiaries that respondent had invested in Rotelcom. Section 107 of the Public Service Law provides: "Except with the consent and approval of the public service commission first had and obtained, no public utility shall use *revenues received from the rendition of public service* within the state for any purpose other than its operating, maintenance and depreciation expenses, the construction, extension, improvement or maintenance of its facilities and service, the payment of its indebtedness and interest thereon, and the payment of dividends to its stockholders." (Emphasis added.)

Special Term reasoned that income derived from the ownership of stock (dividends) of a utility company does not constitute "revenues received from the rendition of public service" as stated in section 107 of the Public Ser-

vice Law, and, therefore, dismissed the petition on the merits. This appeal ensued.

Upon this appeal, the PSC has primarily directed its argument to the question of whether or not it has properly determined that the term "revenues" as used in section 107 of the Public Service Law includes dividends received from regulated utilities. Respondent has recognized the import of the condition expressed in the order of January 24, 1979 as to further expenditures and asserts that the order could not properly prohibit the further investment of nonutility revenues.

The case of *People ex rel. Iroquois Gas Corp. v Public Serv. Comm. of State of N. Y.* (264 NY 17), relied upon by respondent as authority for the proposition that the conditional order exceeded the power of the PSC, is inapposite. The *Iroquois* case dealt with a direct challenge to the order of the PSC. (See, also, *Matter of Rochester Gas & Elec. Corp. v Maltbie*, 273 App Div 114, affd 298 NY 867.) No such challenge was taken in the present case and the time for such a challenge is now long past. Respondent, having accepted the determination of the PSC as expressed in the January 24, 1979 order, will not now be heard to complain. (See, e.g., *Collard v Incorporated Vil. of Flower Hill*, 52 NY2d 594, wherein the Court of Appeals limited its consideration of certain issues upon an appeal by applicants seeking permission to alter their premises pursuant to a conditional zoning change when the applicants did not seek to undermine the advantages obtained by reason of the change.)

The petition should have been granted by Special Term without reaching the issue of whether or not the term "revenues" as used in section 107 of the Public Service Law includes dividends received from ownership interests in regulated utilities. That issue is not properly before the court in these proceedings as respondent failed to timely raise such a question with regard to the PSC's prior order and the present controversy, therefore, does not arise out of any dispositive dispute as to the meaning of the statute.

The statute was enacted to give the Public Service Commission additional powers and the term "revenues" was

intended and should be construed to include all utility funds in any way associated with public service. Here the dividends were received from two wholly owned subsidiary utility corporations engaged in the "rendition of public service".

It should be noted that, in any event, the reliance by Special Term upon the "plain meaning of the words in the statute" is insufficient to support its interpretation of the statute.

The order should be reversed, on the law, with costs, and the petition granted.

MAIN, J. P., CASEY, YESAWICH, JR., and WEISS, JJ., concur.

Order reversed, on the law, with costs, and petition granted.