BROOKLYN BOROUGH GAS COMPANY, Respondent, *v.* PUBLIC SERVICE COMMISSION FOR THE FIRST DISTRICT and Others, Respondents, Impleaded with HARRY E. LEWIS, as District Attorney of the County of Kings, Appellant.

First Department, November 3, 1916.

Practice — motion to change venue — suit against Public Service Commission, First District, Attorney-General and district attorney of Kings county — change of venue denied — section 983, Code Civil Procedure construed.

The venue of an action brought by the Brooklyn Borough Gas Company against the Public Service Commission for the First District, and against the Attorney-General of the State and the district attorney of Kings county to enjoin the defendants from taking any proceeding by mandamus or suit to enforce the so-called "Eighty-Cent Gas Law" against the plaintiff, is properly laid in New York county, where all parties, except the district attorney of Kings county, are content to have it tried in New York county.

The district attorney of Kings county is not entitled to have the venue changed to his own county as a matter of right, under section 983 of the Code of Civil Procedure, on the theory that it is brought against him as a public officer. Said section of the Code has no application to an action of the nature aforesaid, but applies only where a public officer is sought to be held to a personal responsibility for an act done or for a duty omitted.

CLARKE, P. J., and DOWLING, J., dissented.

APPEAL by the defendant, Harry E. Lewis, as district attorney, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of September, 1916, denying his motion to change the venue of this action from the county of New York to the county of Kings.

*Ralph E. Hemstreet,* for the appellant.

*W. W. Thompson,* for the plaintiff, respondent.

SMITH, J.:

The action is brought by the Brooklyn Borough Gas Company against the Public Service Commission for the First District, the City of New York, Egburt E. Woodbury, as Attorney-General of the State of New York, and Harry E. Lewis, as district attorney of Kings county, to enjoin them from taking any proceedings by mandamus or by suit for penalty or otherwise from enforcing what is called "The Eighty-Cent Gas Law" (Laws of 1906, chap. 125), made applicable to the plaintiff corporation by the amendments made by chapter 604 of the Laws of 1916. All parties are content to have the action tried in the county of New York except the district attorney of Kings county. He makes this motion on the ground that he as a matter of right may have the venue changed to Kings county because he is a public officer, and under subdivision 2 of section 983 of the Code of Civil Procedure, the action can only be tried in the county where the cause of action arose. This section reads: "An action, for either of the following causes, must be tried in the county where the cause of action or some part thereof arose: 1. * * *. 2. Against a public officer, or a person specially appointed to execute his duties, for an act done, in virtue of his office, or for an omission to perform a

duty, incident to his office; * * *." This provision of the Code, as I read it, has no application to this case. The action there contemplated is apparently one in which the public officer is sought to be held to personal responsibility either for an act done or for a duty omitted. The language of the section cannot be strained to include an action against a public official to restrain him from official action. But if the act be otherwise construed, this action is brought not alone against the district attorney of Kings county, but against the Public Service Commission of the First District which is located in the borough of Manhattan (Pub. Serv. Com. Law [Consol. Laws, chap. 48; Laws of 1910, chap. 480], § 10), and also against the Attorney-General of the State, who is located at the State Capitol in the Third Judicial Department. By section 605 of the Code of Civil Procedure it is provided: "Where a duty is imposed by statute upon a State officer, or board of State officers, an injunction order to restrain him or them, or a person employed by him or them, from the performance of that duty, or to prevent the execution of the statute, shall not be granted, except by the Supreme Court, at a term thereof, sitting in the department in which the officer or board is located, or the duty is required to be performed." This injunction is sought to restrain the defendants from proceeding by mandamus or by action for penalty or otherwise from enforcing what is called "The Eighty-Cent Gas Law," made applicable to the plaintiff. It would restrain not only the commencement of a judicial proceeding but the issuance of orders by the Public Service Commission of the First District. It would restrain not only an application for a writ of mandamus, but an application by the Attorney-General to forfeit the franchises of the corporation for failure to comply with the statute. In *Matter of Comstock* (25 N. Y. St. Repr. 611, 621) Mr. Justice KENNEDY at Special Term has written: "Outside of the merits of this action, I do not think an order in the nature of an injunction order can be granted at Special Term which restrains State officers from the performance of any duty imposed upon them, or at another place than within the third judicial department. Code, section 605." In *People ex rel. Derby* v. *Rice* (129 N. Y. 465) Judge GRAY, in writing for the court, says: "That is found

in section 605 of the Code of Civil Procedure, which reads that ' where a duty is imposed by statute upon a State officer, or board of State officers, an injunction order to restrain him, or them, * * * from the performance of that duty * * * shall not be granted, except by the Supreme Court at a General Term thereof, sitting in the department in which the officer or board is located, or the duty required to be performed.' There is not enough in the case to overcome the legal presumption that the State officers would perform their statutory duties, and until that should appear, a peremptory mandamus would not lie. We think that this provision of the Code is applicable to all cases where the object of the proceeding is to restrain State officers, or boards, *while engaged in the performance of a legal or statutory duty*, and that its effect cannot be evaded by issuing a writ of mandamus, by the terms of which the State officers are restrained."

In my opinion this case is not governed by section 983 of the Code of Civil Procedure, *first*, because the action is not against the officer for an act done in virtue of his office or for an omission to perform a duty; *secondly*, because the relief sought is not only against the district attorney of Kings county but against a State board located in the borough of Manhattan and a State officer located in the Third Judicial Department, who are equally interested in the place of trial of this action, but who are content with the venue in the First Judicial District. It will be borne in mind that this application is made as a matter of right and not as a matter of discretion, and, in my judgment, the right to change the place of trial has not been shown, and the order should be affirmed, with ten dollars costs and disbursements.

SCOTT and PAGE, JJ., concurred; CLARKE, P. J., and DOWLING, J., dissented.

Order affirmed, with ten dollars costs and disbursements.