## THIRD DEPARTMENT, NOVEMBER, 1921.

JOSEPH H. PIERCE and HIRAM H. BICKFORD, Appellants, *v.* THE BOARD OF EDUCATION OF THE UNION FREE SCHOOL DISTRICT NUMBER TWELVE OF THE TOWNS OF RIDGEWAY and SHELBY, ORLEANS COUNTY, N. Y., Respondent.

*Trial — action against union free school district — changing place of trial to county in which district located.*

Appeal from an order of the Supreme Court, made at the Steuben Special Term, changing the place of trial of the action from Chemung to Orleans county.

Order affirmed, with ten dollars costs and disbursements. John M. Kellogg, P. J., Cochrane, H. T. Kellogg and Van Kirk, JJ., concur; Kiley, J., dissents.

KILEY, J. (dissenting): The plaintiffs, appellants, are professional a.:chitects carrying on and practicing their profession at Elmira, Chemung county, N. Y. The defendant, respondent, is a union free school district situate in Orleans county, N. Y. In March, 1916, the defendant employed the plaintiffs as architects to prepare plans and specifications and to do all architectural work for the construction of school buildings, the erection of which were contemplated and proposed by the defendant. Plaintiffs' compensation was agreed upon between parties to be as follows: For preliminary studies one per cent; for general drawings, details and specifications, including the preliminary studies, three and one-half per cent of the total cost of the work, in addition to necessary traveling expenses. It was provided that if the work was abandoned said percentages to be so paid should be based on the lowest bid received from a responsible contractor, and if no such bid was received then upon the estimated cost of the work. It was agreed that said compensation should be contingent upon the proposition carrying at a meeting of the electors called for that purpose. Such meeting was had and the proposition was carried. Plaintiffs furnished plans and specifications and drawings, which were subsequently discarded by defendant and new ones prepared and furnished. Bids on said construction were called for and received, the lowest bid being about $100,000. Defendant abandoned the whole proposition and did not go on with the construction. It did not pay the plaintiffs anything for their work. This *resumé* fairly states plaintiffs' allegation of fact. Defendant's answer admits practically all of these allegations except what is said as to the rate of compensation and that plaintiffs, on their part, performed under the contract. It sets up affirmative defenses, viz., that defendant's trustees did not have authority to make the contract, and that said plans and specifications were to provide for construction that should not cost to exceed $125,000, and the total cost under the bids would be about $140,000, and that no extra work should be charged for, or, in effect, denies that charge for extra work was permissible under the contract. Defendant also raises the question that its trustees are public officers and that it could not be sued outside of the county of Orleans, also that the defendant's officers had no power to make the contract. Defendant moved for a change of venue upon the ground that the action was not brought in the proper county and also for the convenience of witnesses. The motion was granted and plaintiffs have taken this appeal. The affidavits used by each of the parties to this motion show that the contract was in writing contained in correspondence between the parties and resolutions recorded in the records of the defendant. The writings which, as aforesaid, make up the contract, but which are not before us, in connection with the Education Law, will determine whether or not the contract is *ultra vires*, and that determination is a question of law. This defendant does not come under the favor granted defendants in section 983, subdivision 2, of the Code of Civil Procedure. (*Brooklyn Borough Gas Co.* v.

*Pub. Serv. Comm.*, 175 App. Div. 684.) The writings constituting the contract, if as asserted in the affidavits and alleged by the plaintiffs, will determine whether compensation charged for extra work does or does not come under the contract, and that question will be a matter for the court. Defendant alleges in its answer that the plaintiffs " *represented* " that the total cost " *would* " not exceed $125,000. The court will determine whether that, if it appears in the contract, had in it any elements of a guaranty. The analysis of the defendant's answer and affidavits would seem to indicate that the defendant needs but one or two witnesses at the outside, the clerk and possibly the president. Defendant's affidavits are general in their statements beyond what has been gleaned from them in the foregoing. They fail to state with any particularity just where the evidence of the witnesses, except as above inferred, can be used. The plaintiffs on their side point out, in detail, what each witness will testify to, and, in the first instance, if no concessions are made, they will have to give that proof. On the issue of convenience of witnesses the weight was with the appellants. The order should be reversed, with costs.