In the Matter of the Application of J. MONTGOMERY STRONG, Petitioner, for a Certiorari Order against BERNE A. PYRKE, Commissioner of the Department of Agriculture and Markets, Respondent.

Supreme Court, New York County, April 3, 1920.

*Irving Mariash [Joseph F. Crater* of counsel], for the petitioner.

*Hamilton Ward, Attorney-General [Louis B. Shay, Deputy Assistant Attorney-General,* of counsel], for the respondent.

LEVY, J. Upon an application for certiorari to review an award of compensation by the Commissioner of Agriculture and Markets, this court increased the amount of such award to $7,000. (*Matter of Strong* v. *Pyrke,* 135 Misc. 589.) A motion is now urged by the Attorney-General to vacate the order on the ground that the original

application to review should have been made returnable at the Appellate Division of the Third Department since the Special Term was without jurisdiction. In support of this contention *People ex rel. Dawley* v. *Wilson* (200 App. Div. 537) is cited. There, the claim was made under section 139-f of the former Agricultural Law (Laws of 1917, chap. 800, as amd. by Laws of 1919, chap. 464) to review an award for damages to petitioner's sheep killed by dogs. After what the owner deemed an inadequate award he applied at Special Term for a review of the award by certiorari.

An appeal was taken to the Appellate Division after an increase of the award by the Special Term upon the ground that the determination of the Commissioner was not reviewable. This view was sustained in 198 Appellate Division, 158, but reversed by the Court of Appeals in 232 New York, 12, which held that the right of review did exist. Thereupon, the matter was reconsidered by the Appellate Division upon the remittitur in 200 Appellate Division, 537, and following the Court of Appeals the conclusion was reached that the proceeding while not authorized by statute was valid as a common-law writ. As such, the Appellate Division, citing section 2138 of the Code of Civil Procedure, now section 1300 of the Civil Practice Act, held that the matter should be heard in the first instance in that court and not at Special Term. The award by the Special Term was, therefore, vacated, and the proceeding remitted to the Commissioner for redetermination.

That result, however, is not necessarily controlling in the disposition of the instant petition. The application for relief in the *Dawley* case was presented under a section of the Agricultural Law dissociated from the Farms and Markets Law. The latter statute (Laws of 1917, chap. 802) contained a provision in section 56 permitting a review in the Supreme Court of any county in which the Department of Farms and Markets maintained a branch office. But such review by the *Dawley* case was held to be limited to situations provided for in the Farms and Markets Law, the statute not being sufficiently comprehensive to embrace within its scope problems arising out of the Agricultural Law. Since the *Dawley* decision, the last-mentioned statute has been consolidated with the Farms and Markets Law, and subsequently its title was changed to the Agriculture and Markets Law (Laws of 1927, chap. 207). The present controversy arose after such consolidation. Section 171-a, since repealed, under the authority of which the original award here was made, was incorporated in such enlarged statute; and section 37, which provides a remedy of review by certiorari in the Supreme Court, thereafter applied not only to grievances under the old Farms and Markets Law, but to situations

growing out of the provisions of the Agricultural Law incorporated within it.

As the Department had a branch office in New York county at the time this proceeding was initiated, the remedy by certiorari at Special Term in New York county was properly invoked.

The application to vacate the order is, therefore, denied.