THE PEOPLE OF THE STATE OF NEW YORK ex rel. IROQUOIS GAS CORPORATION, Relator, *v.* PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent.

Third Department, May 5, 1933.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*Daniel J. Kenefick* of counsel], for the relator.

*Charles G. Blakeslee, Counsel to Public Service Commission* [*John J. Donohue* and *John T. Ryan* of counsel], for the respondent.

BLISS, J. On September 24, 1931, John C. McMahon, who then owned and operated a natural gas production, distribution and sale plant in the towns of North Collins, Collins and Brant and in the village of North Collins, Erie county, agreed to sell the same to the Iroquois Gas Corporation. The purchase price was $130,000 and the agreement was made subject to the approval of the Public Service Commission. After the execution of this agreement the joint petition of the Iroquois Gas Corporation and John C. McMahon was presented to the Public Service Commission asking for its consent to this transfer. Attached to this petition were schedules showing the financial condition of the Iroquois Gas Corporation

and of John C. McMahon. A hearing was held and as a result the Commission found that the purchase price of $130,000 was at least $30,000 in excess of the property's reproduction cost new and that the fixed capital, plus materials and supplies, less accrued depreciation, being transferred, was of the value of $86,205.28, or about $44,000 less than the purchase price. The Commission also found that the transfer was in the public interest.

Upon this testimony and the proof then before it, the Commission made an order dated March 2, 1932, granting its consent to the transfer. This consent was given upon certain conditions. All but two of these conditions are accepted by the relator. The two which are in dispute here are as follows:

" (a) That of the purchase price, $130,000, the amount of $40,000 shall be charged on the books and records of the Iroquois Gas Corporation to surplus."

" 5. That the transfer of this gas plant and franchises and the exercise of any rights under this order shall, in all future proceedings, judicial as well as administrative, to which the Iroquois Gas Corporation may be a party, be deemed and taken as conclusive evidence of its acceptance of and agreement to abide by the conditions hereinbefore set forth in this order."

A petition for a rehearing was presented on March 21, 1932, and a rehearing was granted. As a result the Commission affirmed its order of March 2, 1932.

The relator, Iroquois Gas Corporation, complains of the two provisions in the order of March 2, 1932, and urges that the Commission is without power to require it to charge $40,000 to surplus on its books and is without power to compel it to accept and agree to abide by the conditions of this order.

The actual value of the property transferred is something less than $90,000. The Commission's findings as to value are not capricious or arbitrary and, therefore, should be affirmed. The finding that the transfer is in the public interest is not disputed.

We are now met with the question as to whether the Commission has the right to attach any conditions to its consent. Section 70 of the Public Service Law provides that no such transfer shall be made without the written consent of the Commission. The fact that consent is required carries with it the right to impose reasonable terms as conditions upon which such consent is granted. (*Matter of Quinby* v. *Public Service Commission*, 223 N. Y. 244.)

The primal requisite of bookkeeping is that it truly reflect the transaction of which it is a record. The particular accounts in which these transactions should be entered are those which correctly

portray the transactions. The Public Service Commission has jurisdiction not only to set up a proper system of accounting, but " to prescribe by order the accounts in which particular outlays and receipts shall be entered, charged or credited." (Pub. Serv. Law, § 66, subd. 9.) This grants authority to order that the entries of completed transactions shall be correctly recorded. Therefore, an expenditure which is not wholly a capital investment should not be entirely entered as such, but should be so recorded as to truly represent its exact nature.

There is no need at this time to discuss at length the purposes for which the books of account of a public service corporation may be used, such as the fixing of rates, issuing of securities and inducing investors to purchase the same. A fundamental requirement is that those records should be true and correct.

The determination of the Public Service Commission should be confirmed.

RHODES and CRAPSER, JJ., concur; HILL, P. J., dissents, with a memorandum in which HEFFERNAN, J., concurs.

HILL, P. J. (dissenting). The Commission has approved the purchase by relator, Iroquois Gas Corporation, of the natural gas plant belonging to one McMahon for the sum of $130,000. It has found the price to be about $44,000 in excess of the value of the property to be received. The relator has agreed, upon approval, to pay the purchase price of $130,000 in cash from its capital account. The Commission justifies its approval of the transaction, found to be so highly improvident, by requiring that the property received be credited to the capital account at $90,000 and the remaining $40,000 of the purchase price be written off as a loss and charged against the surplus account. (It is from this provision of the order that the appeal is taken.) The consent of the Commission is made necessary by section 70 of the Public Service Law. If one of the purposes of the statute is to protect present stockholders, the transaction found to be improvident does not become provident and wise through this entry on the books. The entries are not required for the purposes of rate making, as the order provides that it " shall not be deemed or construed as a determination by this Commission of the value of any of the property transferred or proposed to be transferred " and because no question as to rates is pending. The Commission would not be bound to permit the issuance of securities in the future to the amount of the purchase price (Pub. Serv. Law, § 69), and further because of the quoted reservation in the order. If the Commission is correct in its determination that the present gas wells and

leases which it is proposed to transfer to relator are worthless, and the assets to be acquired are of the value of $90,000 only, the order should be reversed. If the property has a value substantially commensurate with the proposed purchase price, the provision in the order requiring the transaction to be recorded on the books as a loss of $40,000 should be deleted.

I vote to reverse and remit.

HEFFERNAN, J., concurs.

Determination confirmed, with fifty dollars costs and disbursements.