Dairy Sealed, Inc., Respondent, Appellant, *v.* Peter G. Ten Eyck, as Commissioner of Agriculture and Markets of the State of New York, and Kenneth F. Fee, as Director of the Division of Milk Control of the Department of Agriculture and Markets of the State of New York, Appellants, Respondents.*

First Department, July 3, 1936.

*A. Donald Mac Kinnon* of counsel [*Arthur John Keeffe* with him on the brief; *Milbank, Tweed, Hope & Webb,* attorneys], for the plaintiff.

*Henry S. Manley,* for the defendants.

McAvoy, J.   Plaintiff brought suit to enjoin the Commissioner of Agriculture and Markets from proceeding to enforce an order made by him under these facts:

On or about May 6, 1936, defendant Ten Eyck, as Commissioner of Agriculture and Markets, acting pursuant to section 258-m of the Agriculture and Markets Law, promulgated Official Order 106, to take effect on May 10, 1936, permitting plaintiff and others "not having a 'well advertised trade name'" to sell grade B milk in bottles at a price not more than one cent per quart below the price of well-known brands to stores in the city of New York.

Section 258-m of article 21-A provides that the Commissioner shall investigate what prices for milk " will best protect the milk industry in the State and insure a sufficient quantity of pure and wholesome milk to adults and minors in the State, and be most in the public interest."   It further provides that "A minimum wholesale or retail price to be charged for milk shall not be fixed higher than is necessary to cover the costs of ordinarily efficient and economical milk dealers, including a reasonable return upon necessary investment."

Plaintiff is selling its grade B milk in paper containers to stores at nine and three-quarter cents per quart.   This is one cent below the price at which milk having a well-advertised trade name is sold in bottles to stores.

On or about May 7, 1936, Ten Eyck, as Commissioner of Agriculture and Markets, gave notice of a hearing to be held in Albany on May 14, 1936, which provided that:

"The matter to be considered is the following and any other matters related thereto.

"1. As to whether the minimum price to be charged for milk and cream sold in glass and paper containers and otherwise by milk dealers to consumers, by milk dealers to stores and by stores to consumers in the New York City metropolitan area shall be reduced or otherwise changed; also as to whether the bottle deposit or container charge upon any such transactions shall be changed or extended or discontinued. (The prices, bottle deposits and container charges to be considered at such hearing will be those contained in Official Order No. 106.)"

After the hearing and on May 28, 1936, Official Order No. 111 was promulgated to take effect at one A. M. on Monday, June 1, 1936. It provides, as far as here material:

"1. Paragraph 8 of Official Order No. 106 heretofore promulgated by the undersigned Commissioner hereby is amended to read as follows:

"8. A deposit of not less than three cents per bottle shall be charged for all milk and cream sold by dealers to stores and by stores to consumers in glass bottles, except as provided in the next sentence. The minimum prices to be charged by dealers to stores and by stores to consumers for milk sold in paper bottles or in any type of containers upon which no deposit is collected, shall be one cent more than the prices otherwise established by this order. An additional charge of not less than one cent shall be made for each non-reusable container supplied to a customer purchasing bulk cream."

Plaintiff moved for a temporary injunction, contending that Official Order No. 111 was intended to and does discriminate against milk dealers selling fluid milk in paper containers; that it required such milk dealers to charge stores, and the stores in turn to charge consumers, one cent more per quart for milk in paper containers than for milk in glass bottles; that the effect of the order is to discriminate against plaintiff and threaten its business with irreparable injury; that the minimum prices fixed by the Division of Milk Control are also the maximum prices because of competitive conditions in the New York market; thus the imposition of the one cent differential costs the consumers purchasing plaintiff's produce an increased price or compels them to purchase milk in glass bottles at eleven cents a quart, plus a three-cent deposit, with resulting destruction of plaintiff's business.

Defendants contended that injunction was not the appropriate remedy because the statute provides a review by certiorari, and thus affords an "adequate remedy at law;" that section 879 of the Civil Practice Act forbids the maintenance of an injunction

suit against the defendant State officers, except in the Third Department, where their office is located, and that on the merits, injunction should be denied.

The motion was granted upon condition that plaintiff proceed within a reasonable time to obtain a review by certiorari in the Appellate Division, Third Department. This we think was error.

Section 258-m of the Agriculture and Markets Law is the statutory provision under which Order 111 was made, and the last sentence of subdivision 3 is as follows: " Such order of the Commissioner may be reviewed by certiorari at the instance of any aggrieved person appearing of record at the hearing either in person or by personal representative and opposing the making of the order." With that provision should be read section 1295 of the Civil Practice Act, which provides as follows: " The court which grants the [certiorari] order, in its discretion and upon such terms as to the security or otherwise as justice requires, may direct that the execution of the determination be stayed pending the certiorari and until the further direction of the court."

Plaintiff laid an appropriate foundation for review by certiorari, and the legislative mandate as to remedial procedure should have been followed.

Certiorari is an " adequate remedy at law " which will preclude injunction under this statute.

The justification for injunction in the present cause is grounded in the argument entirely upon the need for haste which confronted the plaintiff, Dairy Sealed, Inc., when its counsel received, on the morning of May 29, the order of the Commissioner to be effective June 1, 1936.

Shortness of time would not convert certiorari with accompanying order staying the determination into an inadequate remedy and render injunction needful and proper.

We conclude that plaintiff's remedy for relief, if aggrieved, is by certiorari order with a stay, as prescribed in the law. We think too that in this instance under the circumstances disclosed, the proceeding should be brought in the Third Department.

The order should be reversed on defendants' appeal, with twenty dollars costs and disbursements to the defendants, and the motion denied.

The plaintiff's appeal should be dismissed.

MARTIN, P. J., O'MALLEY, UNTERMYER and DORE, JJ., concur.

Order appealed from by the defendants unanimously reversed, with twenty dollars costs and disbursements to the defendants, and motion denied. Appeal by plaintiff from said order dismissed.