In the Matter of CITIZENS WATER SUPPLY COMPANY OF NEWTOWN, Petitioner, against MILO R. MALTBIE et al., Individually and Constituting the Public Service Commission of the State of New York, Department of Public Service, State Division, et al., Respondents.

Determination confirmed, with fifty dollars costs and disbursements.

Crapser, Heffernan and Schenck, JJ., concur; Hill, P. J., dissents in opinion, in which Bliss, J., concurs.

HILL, P. J. (dissenting). Petitioner, incorporated in 1893, now supplies water to residents of the town of North Hempstead, Nassau County, N. Y. The Manhasset Company, organized in 1900 to supply water in the same town, was merged with petitioner in 1906, through the purchase by petitioner of all the capital stock. The Public Service Commission, on its own motion, has examined petitioner's books and directed that two credit items in the capital account be transferred to surplus. One is $4,000 paid to an attorney about 1925 for reorganizing the company following the condemnation by New York City of the portion of its plant and distribution system located in or supplying residents of Newtown, which had been taken into the borough of Queens, and the formation of a real estate corporation to which lands no longer needed by petitioner were transferred. The other expunged item is $20,455, a portion of the purchase price of the stock of the Manhasset Company. The transfer of these items from the capital to the surplus account is tantamount to charging them off as nonexistent. Following the condemnation by the city of New York of the portion of petitioner's facilities desired for the new borough of Queens, there remained the portion of its plant and distributing system located in and used by the residents of North Hempstead, Nassau County, and lands not taken by the city and not needed in its remaining field of activity were conveyed to a land development company for sale. After so marked a change in the corporate assets and structure, reorganization was necessary. It is not disputed that the fee was paid to an attorney (now deceased) efficient and able in the corporate and public utility fields. A payment made under such conditions, ten years before the Commission was given supervision over water companies, may not be removed from capital by the Commission in the exercise of its functions as to the books of utilities. Insofar as the order directs that the $4,000 item be written off, it should be annulled.

The other item involves transactions which occurred nearly forty years ago. In 1906 petitioner, for $25,000, acquired all of the capital stock of the Manhasset Company, organized six years earlier, to operate in the same field as petitioner. All of this item has been eliminated except $4,545 found to be the value of real property owned by the Manhasset Company at the time of the sale. While the agreement as to retaining Mr. Moran as attorney appears

to have been negotiated at arm's length, the interlocking directorate of petitioner and the Manhasset Company might raise a question in that regard as to the purchase price for the stock of the latter.

A franchise to furnish water to the dwellers of a municipality may or may not have value, dependent upon the facts. (*Omaha* v. *Omaha Water Co.*, 218 U. S. 180; *People ex rel. Kings County Lighting Co.* v. *Willcox*, 210 N. Y. 479.) Expenditures and labor performed in converting the "bare bones" of a plant into a functioning utility are proper items for capitalization. These may consist of the forming of the corporation, acquiring of property, quest for customers, interest and taxes paid during nonproductive years, and other items. The Legislature has not given plenary powers to the Public Service Commission in connection with the items of a capital account. (*Matter of Long Beach Gas Co.* v. *Maltbie*, 290 N. Y. 572, affg. 264 App. Div. 496; *Matter of New York Edison Co.* v. *Maltbie*, 271 N. Y. 103, affg. 244 App. Div. 685; *People ex rel. Iroquois Gas Corp.* v. *Public Service Comm.*, 264 N. Y. 17, revg. 238 App. Div. 184.) It was arbitrary and capricious to limit the capital entry to the estimated value of the real estate owned by the Manhasset Company when the corporation had been in existence for six years, and it appears that some items of expense had been incurred in its formation, and for other purposes, if indeed the Public Service Commission in this proceeding concerning the uniform system of accounts, has any jurisdiction to eliminate an item thirty-seven years of age, and reflecting a transaction of a quarter of a century before the Commission had any power in the premises. The order should be annulled and the matter remitted to the Commission.