In the Matter of QUEENS-NASSAU TRANSIT LINES, INC., Petitioner, against MILO R. MALTBIE et al., Constituting the Public Service Commission of the State of New York, Respondents.

Supreme Court, Special Term, New York County, November 30, 1944.

*George H. Stover* and *Harold J. Cloutman* for petitioner.

*Philip Halpern, Counsel to Public Service Commission* (*Philip Hodes* of counsel), for respondents.

CHURCH, J. This is a proceeding for an order (in the nature of prohibition) pursuant to article 78 of the Civil Practice Act, to prohibit the respondents, members of the Public Service Commission of the State of New York, from taking any proceeding in connection with altering or changing the rate of fare charged by petitioner, Queens-Nassau Transit Lines, Inc., for the transportation of passengers in the borough of Queens, city and State of New York.

The petitioner applied for and received a certificate of public convenience and necessity (Public Service Law, § 63-d) from the Transit Commission which then had jurisdiction within the city of New York (Public Service Law, §§ 3, 4-b, 5-a).

Under chapter 170 of the Laws of 1943, the Transit Commission was abolished; and its jurisdiction and powers devolved upon the Public Service Commission on April 1, 1943.

On May 11, 1944, the Public Service Commission in Albany adopted an order setting a hearing in New York City " to determine if the rates, fares and charges of Queens-Nassau Transit Lines, Inc. for bus transportation are unjust, unreasonable, unjustly discriminatory or unduly preferential or in anywise in violation, of any provisions of law, and if so found to fix and establish just, reasonable and proper rates, fares and charges."

At the hearing before an examiner, on June 14, 1944, in New York County, petitioner introduced in evidence the franchise contract which established the maximum five cent fare and the certificate approving its exercise and then moved to dismiss the proceeding on the ground that subdivision 5 of section 61 and section 63-b of the Public Service Law, from which the Commission derives such power as it has over bus rates, have withheld from the Commission all jurisdiction over and all power to deal with, maximum bus rates fixed by contract, pursuant to the specific legislative authorization and requirement found in the New York City Charter (1938).

The examiner adjourned the hearing in order that the motion might be brought to the attention of the Commission itself and ruled on by it.

At the next hearing in New York County on July 13, 1944, the examiner announced that the Commission had denied the motion to dismiss the proceeding. This action by the Commission, it appeared, followed the rendering of an opinion by its counsel recommending such course. Counsel for the company then stated that the company intended to apply for an order prohibiting the Commission from proceeding with its hearing, and moved that the hearing be adjourned until the question of jurisdiction could be decided by the courts. This motion was denied; the examiner went on with the hearing and introduced evidence; and adjourned the hearing to August 3, 1944.

All hearings by the examiner were held at the office of the Public Service Commission at 233 Broadway, in the city and county of New York.

On July 20, 1944, after these two public hearings had already been held, the petitioner served the respondents with a petition as required by article 78 of the Civil Practice Act, together with an order to show cause which stayed the respondents from further proceeding until the hearing of the petition. The motion of the respondents to dismiss was heard on November 15, 1944, and final submission of papers was made on November 27, 1944.

On May 11, 1944, the Commission, acting on a preliminary report of its accounting bureau, made from the books and records of the petitioner which prima facie indicated that the petitioner's earnings were excessive and that its rates, fares and charges are unjust and unreasonable, adopted an order in the city of Albany ordering that an investigation be had to determine if the rates, fares and charges of the petitions for bus transportation are unjust, unreasonable, unduly discriminatory or unduly preferential or in any wise in violation of any provision of law, and if so found to determine and establish just, reasonable and proper rates, fares and charges.

The order of May 11, 1944, which directed that hearings be held concerning the petitioner's rates, fares and charges was adopted in the city of Albany and directed that public hearings be held at the branch office of the Commission in the city of New York on May 31, 1944. The case was assigned to a hearing examiner who was authorized to hold hearings.

At the request of the petitioner, the hearing set for May 31, 1944, was adjourned to June 14, 1944, at which time the peti-

tioner appeared by counsel and offered in evidence certain exhibits consisting of a franchise contract between the city of New York and petitioner dated January 26, 1937, together with a certificate of convenience and necessity issued by the former Transit Commission approving and authorizing the operation by the petitioner of the omnibus routes described in the franchise contract of January 26, 1937. Having offered these documents in evidence, the petitioner then moved to dismiss the proceeding on the ground that the Commission is without jurisdiction to change or alter the rates, fares and. charges of the petitioner as stated in the franchise contract. The hearing examiner reserved decision and at the adjourned hearing held on July 13, 1944, in New York County, the hearing examiner denied the motion to dismiss for lack of jurisdiction made at the June 14th hearing. Petitioner declined to offer any further proof whereupon the Commission proceeded with the hearing and offered some preliminary testimony and evidence consisting of certain financial data taken from the books and records of the petitioner and the hearing was adjourned to August 3, 1944.

Shortly thereafter the petitioner instituted this proceeding and procured an order staying the Commission from further proceeding with its investigation.

By notice and answer the respondents have raised the preliminary objection that exclusive jurisdiction in the proceeding is vested, under the circumstances of this case, in the Supreme Court, Albany County.

The respondents claim that the Supreme Court of New York County has no jurisdiction of this proceeding, i.e., that venue lies only in Albany County.

Section 1287 of the Civil Practice Act provides, in part: " The petitioner shall apply for relief at a special term of the supreme court held within the judicial district embracing the county wherein the respondent made the determination complained of or refused to perform the duty specifically enjoined upon him by law, or wherein the proceedings are brought or taken in the course of which the matter sought to be restrained originated    *    *    *.''

It is the contention of the respondents, that inasmuch as the order of May 11, 1944, which initiated the proceedings which the petitioner now seeks to have restrained, was adopted at the principal office of the Public Service Commission in the city of Albany, this proceeding cannot be maintained in the Supreme Court located within the First Judicial District, but must be brought in the Third Judicial District in which the city of

Albany is located. The determination to take jurisdiction and bring the rate case was made in Albany County.

Section 879 of the Civil Practice Act provides as follows: " § 879. *Restrictions upon injunction to restrain state officers.* Where a duty is imposed by statute upon a state officer or board of state officers, an injunction order to restrain him or them, or a person employed by him or them, from the performance of that duty, or to prevent the execution of the statute, shall not be granted except by the supreme court at a term thereof sitting in the department in which the officer or board is located, or the duty is required to be performed; and upon notice of the application therefor to the officer, board or other person to be restrained."

The respondents are State officers (Public Service Law, § 3). By statutory requirement (Public Service Law, § 10) the principal office of the Commission is in the city of Albany.

Petitioner seeks an order in the nature of prohibition under article 78 of the Civil Practice Act. Since such an order is the equivalent of a restraining order or an injunction, the respondents contend that this proceeding is also governed by section 879.

In paragraph " Sixteenth " petitioner alleges that the respondents by order dated May 11, 1944, instituted a proceeding to determine if the rates, fares and charges of the petitioner for bus transportation are unjust, unreasonable, unjustly discriminatory, preferential or in any wise in violation of law and if so found, to fix and establish just, reasonable and proper rates, fares and charges.

The petitioner does not set forth the " County " in which this order was made. However, annexed to the respondents' motion papers, is a certified copy of the order dated May 11, 1944, which initiated the investigation as to the petitioner's rates and shows upon its face that it was adopted at a session of the Commission held in the city of Albany which is in the Third Judicial District.

Section 1287 quoted (*supra*) is a consolidation of the former sections of the Civil Practice Act which dealt with certiorari, mandamus and prohibition orders. It is manifest from the language of section 1287 that the clauses " made the determination complained of " or " refused to perform the duties specifically enjoined upon him by law " refer to the relief formerly available by certiorari or mandamus and the clause " wherein the proceedings are brought or taken in the course of which the matter sought to be restrained originated " **refers to the** relief formerly available by a writ of prohibition.

The use of the word " proceedings " in the clause last quoted can have reference only to the matter sought to be enjoined or prohibited and not to a " proceeding " (singular) which seeks relief. Under the old sections 1343 and 1344 of the Civil Practice Act, jurisdiction in prohibition proceedings was determined by " the county wherein the action is triable or the special proceeding is brought, in the course of which the matter sought to be prohibited by the order originated." The Legislature used the words " action is triable or the special proceeding is brought " because under the old statutory provisions governing the practice in prohibition proceedings with one exception (§ 1342) speak only of a " court or judge " and do not mention any quasi-judicial tribunal against which the proceedings may be maintained even though in appropriate cases, prohibition may lie against such tribunals.

In enacting the new section the Legislature took cognizance of the application of quasi-judicial tribunals proceedings under article 78. Language sufficiently broad to cover situations involving " courts ", " judges " and " quasi-judicial bodies " was adopted. The clause " wherein the proceedings are brought or taken in the course of which the matter sought to be restrained originated " covers all three situations. The use of the plural " proceedings " indicates that the word is used in its generic sense, and includes " actions " and " special proceedings " pending before courts and judges as well as matters pending before quasi-judicial officers and boards.

Inasmuch as the order of May 11, 1944, directing an investigation of the petitioner's rates of fare was made in the city of Albany which is in the Third Judicial District, this proceeding must be brought in the Third Judicial District and the Supreme Court in the First Judicial District is without jurisdiction to entertain this application.

The statute speaks of the county " wherein the proceedings are brought or taken in the course of which the matter sought to be restrained originated ". There can be no serious dispute here as to where the proceedings were brought by the Commission. They were brought or instituted by the order of May 11, 1944, adopted in the city of Albany. The petitioner, therefore, must apply for relief in the judicial district embracing the county of Albany for that is the district which fixed conclusively the place " wherein the proceedings are brought or taken in the course of which the matter sought to be restrained originated ".

The other phrase in section 1287 which is applicable here is the place where the determination is made. The Commission decided to take jurisdiction in adopting the order of May 11th at Albany. That is the determination of which the petitioner complains.

Because the order in question directed that a public hearing be held at the New York office of the Commission, the petitioner contends that the Supreme Court, First Judicial District, has jurisdiction of this proceeding. The place where the hearings are held is immaterial.

The opinion of Mr. Justice WASSERVOGEL in *Citizens Water Supply Co. of Newton v. Maltbie* (N. Y. L. J., April 9, 1943, p. 1390, col. 4, see 267 App. Div. 793) is in point. This was also a proceeding brought against this Commission under article 78 of the Civil Practice Act, although the proceeding was in the nature of certiorari rather than prohibition.

In the cited case, the Commission made an order instituting a proceeding and entering upon an investigation into the accounts, books and records of the petitioner, a water works corporation maintaining an office in the city of New York. Thereafter, pursuant to said order, the Commission copied and made abstracts of the records and books of account of the petitioner at Elmhurst, county of Queens, and hearings were held at the New York City office of the Commission. No hearings were held in the city of Albany. Finally, on January 26, 1943, the Commission, at a session held in the city of Albany, approved a report of the hearing examiner who conducted the hearings in New York City and on the same day made an order in Albany which was the order sought to be reviewed by the petitioner.

In the cited case, the petitioner argued that because of the fact that hearings had been held in the New York City office of the respondents and the report of the hearing examiner had been prepared in New York City, the Supreme Court, First Judicial District had jurisdiction to entertain the petitioner's application under article 78.

Justice WASSERVOGEL disposed of this contention in the following decision (*supra*): "The determination which the petitioner seeks to have reviewed was made in Albany County. This proceeding should therefore have been instituted in the Third Judicial District. Respondents' motion to dismiss this proceeding in the County of New York is granted."

In the case at bar the facts are substantially similar to those in the above-cited case. In the *Citizens Water Supply Co.* case

(*supra*) the hearings were held in the city of New York as in the case at bar. The only point of distinction between the *Citizens Water Supply Co.* case and the instant one is that the former related to a review of a " determination " while the latter relates to " proceedings brought or taken in the course of which the matter sought to be restrained originated ". In either case, the rule of law is the same and the petitioner must apply for relief in the judicial district embracing the county " wherein the respondent made the determination complained of " or " wherein the proceedings are brought or taken in the course of which the matter sought to be restrained originated ".

The petitioner argues that the " determination was made " in the city of New York because the hearing examiner denied the motion of the petitioner to dismiss the proceeding for want of jursidiction at a hearing in New York City. The contention is untenable. The denial of the motion of the petitioner to dismiss is only one of the matters that grew out and flows as a direct consequence of the order of May 11, 1944, of the Commission, which originated the proceeding. This proceeding is not brought or taken to restrain the hearing examiner's denial of the motion of the petitioner to dismiss. That is not the determination against which fundamentally the complaint is made. This proceeding is brought to restrain the Commission from further proceeding with its hearings which originated and resulted from its determination by the order of May 11, 1944. The latter order is the order in which the Commission impliedly ruled and originally determined that it had jurisdiction to investigate with a view to review and, if justified by the facts, perhaps reduce rates of fare of the petitioner.

Any ruling by the hearing examiner or by the Commission at a subsequent date relative to the denial of the motion of the petitioner to dismiss the proceeding for want of jurisdiction is of no relevance. The petitioner need not have appeared at all and made any motion. The question raised by the petitioner is whether the Commission had any jursidiction to bring the proceeding, not whether the hearing examiner erred in denying the motion.

The order of the Commission initiating the investigation of the petitioner's rates plainly shows on its face that it was actually made in Albany County. It therefore follows that this proceeding has been improperly brought in the First Judicial District and must be dismissed.

Under section 879 of the Civil Practice Act, an injunction against a State officer or board cannot be granted except by

the Supreme Court " in the department in which the officer or board is located ".

It is axiomatic that the object of this proceeding in the nature of prohibition is to restrain and enjoin a State officer or board from proceeding with their statutory duty.

The order to show cause which initiated this proceeding stayed the respondents from continuing with its proceeding, pending the argument of the petition, thus having the effect of restraining State officers from performing their statutory duty.

' Prohibition is in effect an injunction. (*People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383, 393.)

The provisions of the statute cannot be evaded by the name of the proceeding. The applicability of the statute is controlled by the object of the proceeding. If its effect is to restrain a State officer or board, the proceeding can be brought only in the department in which the officers or board is located. (*Brooklyn Borough Gas Co.* v. *Public Service Comm.,* 175 App. Div. 684.)

Section 879 of the Civil Practice Act applies to proceedings other than injunction if the object of such proceeding is to restrain or enjoin a State officer or board.

In *Matter of City of New York* v. *Maltbie* Mr. Justice McGEEHAN in an opinion reported in the New York Law Journal (Feb. 6, 1936, p. 675, col. 6) dismissed a prohibition proceeding brought against the Public Service Commission in New York County holding that the provisions of section 879 preventing injunction orders against a State board or officer is also applicable in a prohibition proceeding against such a board or officer. Mr. Justice McGEEHAN's opinion is as follows: " Section 1343 of the Civil Practice Act is the only section prescribing the venue of an order of prohibition. For the purposes of venue this court must first decide whether this application can be brought anywhere and then, upon proper application, removed either as a matter of right or in the exercise of discretion to another department; or, in effect, it is similar to an application for an injunction the venue of which, when state matters are sought to be enjoined, is confined to the ' department in which the state office or board is located or the duty is required to be performed ' (sec. 879 of C.P.A.). Concededly, the Public Service Commission is located at Albany, which is not in this department, but in the Third Department. Inasmuch as this court is of the opinion that the writ of prohibition is in effect a type of injunction it should be governed accordingly when state officers are involved.

" In *People ex rel. Derby* v. *Rice* (129 N. Y., 461) the rule is that the effect desired is controlling rather than the appellation under which it is brought. To prohibit the doing of an act, is another form of enjoining the act and therefore the court applies the provisions governing injunctions. Regarding the interpretation of the word ' located ' this court is of the opinion that it refers to the principal office. The court upon analyzing the ' clause in which the duty is to be performed ' is of the opinion that the ' duty ' referred to is the determination of the rate. That determination must be made in the County of Albany (*People ex rel. N. Y. C. & H. R. R.* v. *Priest,* 169 N. Y. 432). It is of no consequence where testimony is taken or where the locus of the water service is situated; the final action of the board which results in the determination of the rate is the controlling factor and that must be had in Albany County.

" In *Strong* v. *Pyoke* (136 Misc., 523, aff'd 231 App. Div., 816) a proceeding was allowed in a county where there was a branch office, but it appears that there was a provision in the law excepting such a case from section 879 of the Civil Practice Act. The Strong case is not applicable in this instance.

" The question is jurisdictional, and where a party by his acts puts his adversary in a false position he is sometimes estopped by the court under the guise of a ' waiver theory,' but that is not this case.

" In view of this court's opinion the proceedings are dismissed without prejudice to bringing them in the proper venue."

In *Brooklyn Borough Gas Co.* v. *Public Service Comm.* (175 App. Div. 684, *supra*) the same principle was applied to an application for a writ of mandamus.

In *Dairy Sealed, Inc.,* v. *Ten Eyck* (248 App. Div. 352) it appeared that the plaintiff had moved at Special Term, New York County, for a temporary injunction to restrain the Commissioner of Agriculture and Markets of the State of New York from enforcing an order promulgated by him. This motion was granted and a temporary injunction was issued " upon condition that plaintiff institute certiorari proceedings in the Appellate Division, Third Department, within a reasonable time after the date of the entry of this order." On appeal, defendant contended that injunction was not the appropriate remedy because the statute provided review by certiorari and that section 879 of the Civil Practice Act forbids the maintenance of an injunction suit against State officers except in the Third Department where their office is located. The Appellate Division, First Department, unanimously reversed the order and

in the course of its opinion stated: " We conclude that plaintiff's remedy for relief, if aggrieved, is by certiorari order with a stay, as prescribed in the law. We think too that in this instance, under the circumstances disclosed, the proceeding should be brought in the Third Department."

The principal office of the respondent is in the city of Albany and this proceeding in the nature of prohibition, which seeks to restrain and enjoin State officers, must be brought in the Third Judicial Department which embraces the city of Albany.

It is unnecessary to pass upon the motion to dismiss the petition for failure to state facts sufficient to constitute a cause of action.

The petition is dismissed and the preliminary injunction or stay vacated, without prejudice to bringing the proceedings in the proper venue.