Hill, P. J.
(concurring). The 1904 consolidation should not be classified as a transaction entered into at arm’s length. It seems that “ promoters ” conceived the plan of consolidation and, generally speaking, the new corporation assumed obligations and gave to the former owners of the property, of which the water power was a part, bonds of the consolidated company which were junior to those already outstanding issued by one of the constituent corporations. The rest of the property after consolidation was represented by stock. New money of a comparatively small amount was paid into the consolidated treasury. The item of more than $2,000,000, designated “ other intangible capital ” is being reduced $200,000 a year by agreement between the commission and the company. For nearly forty years, since the creation of the Public Service Commission, the books have not been attacked in other respects. There have been examinations and orders in other proceedings during that period. When the “intangible” item in the capital account is written off by installments, or sooner if the commission should now direct, the books of account of petitioner should not be required to show a loss when none has been suffered. This principle has been reiterated not infrequently by the courts of this State. (Matter of New York Edison Co. v. Maltbie, 244 App. Div. 685, affd. 271 N. Y. 103; People ex rel. Iroquois Gas Corp. v. P. S. Comm., 264 N. Y. 17.) The latter case reversed the Appellate Division decision made by a divided court (238 App. Div. 184). The commission should give consideration to the value of the assets as compared with the book entries, and not destroy the surplus account because of a theory of bookkeeping, particularly where tacit approval has been given for more than a quarter of a century.